Jacob Markowitz, J.
The defendant, Workmen’s Benefit Bund of the U. S. A., Inc., is a national fraternal benevolent society with many branches located throughout the United States and several in the New York metropolitan area. Members of a branch lodge are members of the national organization and upon payment of the assessed national dues become entitled to receive the insurance, health and other benefits provided by the national organization. Within the framework of the national constitution and by-laws, local branches assess additional dues which entitle the members of the local lodge paying such additional dues to receive additional benefits. Thus the dues book issued to members and supplied by the national office provides spaces for the notation of the payment of the national assessment, local assessment, doctor fee, fines and other local income, hospital fund, and recreation dues. Local lodges or branches may assess dues for additional permissive services such as Specialist Service. Upon the payment of such additional dues, the member is entitled to care and treatment by medical specialists. The national dues book makes provision also for notation of payment of dues for Specialist Service. Literature issued and distributed by the national office refers to the benefit offered by Specialist Service as one of the permissive benefits offerable by the branches.
Some of the lodges in the New York metropolitan area had voted to furnish that service. Defendant, Specialist Service of the Workmen’s Benefit Fund, Metropolitan Area, was organized to administer that service. It is governed by a board of directors consisting of the officers of Specialist Service and five additional directors. Members of Specialist Service must be members of the fraternity. Dues are paid to the lodge and in toto transferred to Specialist Service. The latter engages in contracts with specialists, about 2b of them at the present. *1014 Among them are four eye specialists, of whom plaintiff is one. Of the total annual dues collected by the branches on account of this particular benefit or service and transferred to Specialist Service it retains 15% thereof for administration. The remaining 85% is paid by Specialist Service each year to the contracting specialists. Member patients seek care and treatment from the Service directly or are referred to Service by the lodge doctor. In many instances a small fixed fee is paid by the member to the specialist. That fee is fixed as to each category or classification of service. In addition, each specialist earns points or weighted point values for each treatment given. Each specialist makes a quarterly report to Service setting forth the names of the patient members treated and the treatment. Quarterly payments are made by Service to each specialist but the last quarterly payment not only covers the service of the last quarter, but is intended to constitute the adjusted payment for the full preceding year. This is accomplished at the year end when Service, upon the basis of the reports, determines the number of points earned by each specialist and the total number of points earned by all of them. The total number of points earned by all of them is divided into the fund, consisting of 85% of the dues for the given year and thus the dollar value of each point is determined, which, when multiplied by the number of points of each doctor, enables the final adjustment and the issuance of the fourth quarterly check each year in purported full payment for the services rendered during the preceding year. At no time, upon the issuance of such checks have the specialists been supplied with an account or statement from which it could be determined what the dollar value per point was or how it was reached. Upon this record no source is available to get that information save the records of Service and those records were not available in the absence of a determination of the existence of a right to an accounting.
In his complaint and upon the trial, plaintiff has insisted upon a right to accounting against both defendants, Workmen’s Benefit Fund of the U. S. A., Inc., a fraternal corporation, and Specialist Service, an unincorporated association. There are but two issues before the court, whether an accounting is in order and, if in order, from whom plaintiff is entitled to have it.
Defendant Specialist Service insists it is an unincorporated association and that it is not a fraternal benefit society.. It was sued as an unincorporated association. It claims to be wholly autonomous and independent of the local branches which created Service, but at the same time a part of the fraternal *1015 system. Apparently this inconsistency and plaintiff’s failure to join any of the local lodges as defendants are attributable to the total lack of any proof that the lodges or the Service are anything but arms of the national organization and, as stated by defendants, part of the fraternal system. There is no proof that the lodges or Service are suable as independent legal entities. That the lodge and Service may be autonomous as to affairs committed to their care and jurisdiction makes them neither more nor less than a mere part of the national organization. The method set up for furnishing the service does not in any wise change the fact that a benefit is being furnished as a fraternal benefit by a fraternal benefit society to its members. Upon this record none of the branches or services is distinguishable from the parent organization, of which they are a part. These conclusions, in fact, emerge from the concessions made by the attorney for the defendants and the responses to the items contained in plaintiff’s notice to admit.
However, the court reaches the conclusion that there is no proper claim of right to an accounting (Gerstel v. Workmen’s Benefit Fund of U. S. A. [Schreiber, J.], N. Y. L. J., April 10, 1953, p. 1191, col. 5; April 23, 1953, p. 1352, col. 5). There is no contractual basis creating any confidential or fiduciary relationship between the parties. The surrounding facts and circumstances do not constitute a situation for which an obligation to account arises (Terner v. Glickstein & Terner, 283 N. Y. 299; Hasday v. Barocas, 115 N. Y. S. 2d 209; Shorten v. Remington Rand, 135 N. Y. S. 2d 134). The dues paid by members to the branch and by it transferred to Service are not the property of the specialists. Service is administering nothing for the specialists, but rather for the members. It supervises the funds allocated to it by the majority vote of the branches creating it when it was determined that a Specialist Service be erected and dues for the purpose be assessed. In the course of such administration, naturally it engages specialists and did engage the plaintiff. Thus, Specialist Service carried out its duty to the members of securing medical specialists by contracting with those willing to render such service. The contract with plaintiff is the origin and sole source of plaintiff’s relationship with the defendants and constitutes the charter of all the rights and obligations of these parties. The fund consisting of 85% of the dues is in no sense such a fund or property which may be found to exist at the center of a trust relationship. To these parties it represents merely the limit of obligation to the medical specialists and the source of payment to them for their services.
*1016 The fact that plaintiff may be unable to ascertain the amount due him does not in and of itself entitle him to equitable relief. Thus, while plaintiff has failed to establish his claim of right to an accounting, the facts and circumstances are such that the court should retain jurisdiction and proceed with a consideration of plaintiff’s right to incidental and dependent relief. Plaintiff is entitled to recover his compensation as measured by his proper share of the fund. As already stated, the record does not disclose and plaintiff could not discover the true and full measure of his compensation for its source is solely in defendants ’ records. It is equally clear that a long and complex account is involved of the kind embraced in section 466 of the Civil Practice Act. Upon such discovery and proof of the account, the points earned by all of the specialists and the method of their dollar evaluation are issues.
Accordingly, plaintiff is not entitled to prevail upon his claim of right to an equity accounting or against the defendant Specialist Service upon any account, but he is entitled to prevail against the defendant Workmen’s Benefit Fund of the U. S. A., Inc., only to the extent that the court directs a compulsory reference and that plaintiff have judgment thereon.
The foregoing is the decision of the court in accordance with sections 439 and 440 of the Civil Practice Act and the stipulation of the parties.
Settle interlocutory judgment.