■ Henry E. Bassett et al., Appellants, v. Ann M. Nichols, Respondent. — In an action to compel the determination of a claim to real property, brought pursuant to article 15 of the Real Property Actions and Proceedings Law, plaintiffs appeal from a judgment of the Supreme Court, Westchester County, entered August 19, 1964, after a nonjury trial, which dismissed the complaint and inter alia decreed that defendant, through adverse possession, is the owner in fee simple absolute of the property in dispute. Judgment affirmed, with costs. In our opinion, the record amply supports the finding that defendant and her family occupied the strip of land in dispute openly and notoriously for the statutory period for the acquisition of title by adverse possession and that defendant's claim of title was founded upon a written instrument. Moreover, were we to find that her claim of title was not founded upon a written instrument, we would nonetheless affirm the judgment, since the stone retaining wall which enclosed the strip of land in dispute as part of the main property was sufficient to constitute an "inclosure" within the meaning of section 522 of the Real Property Actions and Proceedings Law (McCosker v. Rollie Estates, 7 A D 2d 865, affd. 8 N Y 2d 837; Knapp v. City of New York, 140 App. Div. 289; Hill v. Edie, 17 N. Y. St. Rep. 255). Furthermore, within the meaning of the section, the cutting of grass on this strip by defendant and her family sufficiently rendered it "cultivated" in view of the character, condition and location of the property under consideration (McCosker v. Rollie Estates, supra; Ramapo Mfg. Co. v. Mapes, 216 N. Y. 362, 372). Beldock, P. J., Ughetta, Hill, Rabin and Benjamin, JJ., concur.

■ Dolores S. Bolatin, Appellant, v. George Bolatin, Respondent.— In an action for divorce, in which judgment in favor of the plaintiff wife was entered September 10, 1963, she appeals from an order of the Supreme Court, Nassau County, entered January 25, 1966, which denied her motion to modify the judgment to the extent of directing defendant (1) to provide for orthodontic treatment for the older son of the marriage; (2) to pay to plaintiff from his share of the proceeds of the sale of the former marital home the balance of a fine imposed for accrued alimony which is being paid in installments as set forth in the judgment; and (3) to pay a counsel fee to plaintiff for the making of the application. Order affirmed, without costs. As to arrears of alimony, we note that, by order of August 23, 1965, the proceeds of the sale of the former marital home are subject to the further order of the court. Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.