■ THOMAS BEVILACQUE et al., Respondents, v FORD MOTOR COMPANY et al., Appellants.—In an action, *inter alia,* to recover damages for breach of contract, violation of Vehicle and Traffic Law § 460 *et seq.,* violation of General Business Law § 340 *et seq.,* and breach of a fiduciary duty, the defendants appeal from an order of the Supreme Court, Queens County (LeVine, J.), dated September 9, 1985, which, upon treating the defendants' motion to dismiss portions of the complaint as a motion for summary judgment, denied the motion.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied those branches of the defendants' motion for summary judgment which were to dismiss the fifth, eighth, and twelfth causes of action, and so much of the eleventh cause of action as was to recover damages for waste of corporate assets; to dismiss that portion of the second cause of action that asserts a claim for attempted monopolization; to dismiss those portions of the first, fourth, sixth and tenth causes of action that assert claims under UCC 2-302; to dismiss that portion of the ninth cause of action that asserts a claim for unconscionability; to dismiss those portions of the seventh and thirteenth causes of action that assert claims for breach of fiduciary duty; to dismiss those portions of the sixth, ninth, tenth and thirteenth causes of action that assert claims under the New York Constitution or the United States Constitution, and to dismiss all claims asserted on behalf of the plaintiff Richard Toporek, and substituting therefor provisions granting those branches of the motion. As so modified, the order is affirmed, with one bill of costs to the defendants appearing separately and filing separate briefs.

The plaintiff Bevilacque owned a 22% interest in the defendant Best Ford, Inc. (hereinafter Best), a Delaware corporation and an authorized Ford dealer. The defendant Ford Motor Co. (hereinafter Ford) owned the remaining 78% of the shares in Best. Bevilacque became an operator of Best pursuant to a management agreement, dated February 26, 1981. In August 1984 Bevilacque entered into an agreement with the plaintiff Toporek for the sale of Bevilacque's interest in Best. Ford,

however, withheld its consent to Bevilacque's transfer of this interest to Toporek.

Bevilacque, who was one of the three directors of Best, was called to a special meeting of the board of directors on September 26, 1984, without receiving notice of the business the board would undertake. During the meeting, Bevilacque was allegedly "coerced" by the other two directors, who were Ford employees, to resign or be discharged as president, operator and stockholder of Best, and the board terminated his employment. When Bevilacque returned to the dealership premises the following day, the locks had all been changed.

The management agreement between Bevilacque and Best provides that the agreement may be terminated at will by either party. The dealer development agreement provides that the agreement may not be assigned by the operator without the prior written consent of Ford. The agreement also gives Ford the right of first refusal to the disposition of the operator's shares of common stock in Best. The agreement also provides that in the event of termination, Bevilacque's shares were to be repurchased by Ford at fair value.

The plaintiffs' verified complaint set forth 13 causes of action, although within some of the enumerated causes of action there are alleged several statutory and common-law claims, as follows.

The first cause of action essentially alleges that Ford's refusal to consent to the transfer of Bevilacque's interest in Best to Toporek was unreasonable and violated General Business Law § 340 (the Donnelly Act), Vehicle and Traffic Law § 463 (the Franchised Motor Vehicle Dealer Act), and UCC 2-302 (unconscionability in the sale of goods).

The second cause of action essentially alleges that Ford's refusal to consent to the transfer amounted to a breach of contract and an attempt to monopolize, apparently in violation of the common law.

The third cause of action alleges that Ford failed to act in good faith by refusing to consent to the transfer of Bevilacque's interest to Toporek, and thereby committed a breach of contract.

The fourth cause of action alleges that the termination of the agreement dated February 26, 1981 was accomplished in bad faith and without proper notice, in violation of the Donnelly Act, the Franchised Motor Vehicle Dealer Act, UCC 2-302 and the Business Corporation Law (no specific section cited).

The fifth cause of action essentially alleges that Bevilacque, Best and Ford were joint venturers, and that the defendants failed to further the interests of the joint venture.

The sixth cause of action alleges that Ford and Best conspired to prevent the sale of Bevilacque's interest in Best to Toporek in violation of the Donnelly Act, UCC 2-302, the Franchised Motor Vehicle Dealer Act and Bevilacque's contractual and constitutional rights.

The seventh cause of action alleges that Ford owed a fiduciary duty to Bevilacque as a franchisee, and that Ford was in breach of that duty.

The eighth cause of action alleges that the defendants tortiously interfered with the contract between Bevilacque and Toporek by withholding consent to the transfer of Bevilacque's interest.

The ninth cause of action alleges that the management agreement was unconscionable and a sham, and that the defendants, by entering into this agreement, violated Bevilacque's contractual and constitutional rights.

The tenth cause of action alleges that the various agreements between Bevilacque and the defendants violated UCC 2-302 and Bevilacque's contractual and constitutional rights.

The eleventh cause of action seeks to recover damages for a waste of corporate assets and demanded dissolution of the corporation. So much of that cause of action as demands corporate dissolution was discontinued by stipulation.

The twelfth cause of action alleges that the board of directors' resolution to terminate Bevilacque's employment was passed without proper notice to members of the board in violation of the Business Corporation Law and Best's bylaws.

The thirteenth and last cause of action essentially alleges that Ford wrongfully exercised control of Best and violated its fiduciary duty to Bevilacque.

The defendants contend that because Ford owns 78% of the shares of Best, the two are incapable of forming a contract, agreement, arrangement or combination in violation of General Business Law § 340 *et seq.* (the Donnelly Act), as a matter of law, and that the plaintiffs' Donnelly Act claims must therefore be dismissed. We note, however, that the United States Supreme Court's decision concerning the Sherman Act § 1 (15 USC § 1), the Federal counterpart to the Donnelly Act, was expressly limited to wholly owned subsidiaries *(see, Copperweld Corp. v Independence Tube Corp.,* 467 US 752, 767-768). Accordingly, the issue of whether the defendants are

capable of conspiring with one another is a question of fact sufficient to defeat the instant motion *(see, Tunis Bros. Co. v Ford Motor Co.,* 763 F2d 1482, 1495).

However, that portion of the second cause of action alleging that defendants "have attempted to monopolize and create a monopoly" must be dismissed. Although Sherman Act § 2 (15 USC § 2) prohibits attempted monopolization, the New York State Donnelly Act contains no such prohibition. Therefore, plaintiffs' allegation of attempted monopolization does not state a viable cause of action under the Donnelly Act.

The plaintiff Bevilacque, a shareholder of Best, does not have standing to assert a claim to recover damages for corporate waste *(see, Niles v New York Cent. & Hudson Riv. R. R. Co.,* 176 NY 119, 126); thus, so much of the eleventh cause of action which was to recover damages for corporate waste, should have been dismissed.

The complaint also asserts claims under UCC 2-302. The concept of unconscionability, however, does not create a new cause of action to recover damages or to enforce a contract but, rather, provides a defense for a party opposing enforcement of a contract or a cause of action for rescission of a contract. Thus, the plaintiffs' causes of action founded upon unconscionability do not set forth cognizable claims and should have been dismissed.

The complaint further asserts claims for the defendants' breach of fiduciary duty. The plaintiffs rely on several theories for this claim. The plaintiffs' assertions that Bevilacque and the defendants were joint venturers and, therefore, owed a duty *inter se,* is without merit. A joint venture may not be carried on by individuals through a corporate form; the two forms of business are mutually exclusive *(see, Weisman v Awnair Corp.,* 3 NY2d 444, 449; *Beck v General Tire & Rubber Co.,* 98 AD2d 756, 758). The plaintiff Bevilacque and the defendant Ford, as shareholders of the defendant Best, were not fiduciaries *(see, Weisman v Awnair Corp., supra; Beck v General Tire & Rubber Co., supra).*

Likewise, there is no fiduciary relationship between Bevilacque and Ford as franchisee and franchiser *(see, Mobil Oil Corp. v Rubenfeld,* 48 AD2d 428, *affd* 40 NY2d 936 *on opn at App Div),* or as employee and employer, where, as here, the employment is terminable at will *(see, Murphy v American Home Prods. Corp.,* 58 NY2d 293).

Furthermore, no fiduciary duty arises out of the shareholders' agreement where, as here, the minority shareholder has

assented to a mandatory repurchase-upon-termination clause (see, *Coleman v Taub*, 638 F2d 628, 636-638; *Jenkins v Haworth, Inc.*, 572 F Supp 591, 601). We note, in passing, that contrary to the parties' assertions, Michigan law applies to claims arising out of the shareholders' agreement, pursuant to the terms therein set forth.

There being no fiduciary relationship between the plaintiffs and the defendants, those claims for breach of fiduciary duty should have been dismissed.

The complaint also asserts a claim for tortious interference with a contract. The plaintiffs have failed to allege, however, that the defendants induced the plaintiff Toporek to breach the contract with the plaintiff Bevilacque. Inasmuch as the plaintiffs have failed to allege all the necessary elements of this cause of action (see, *Lamb v Cheney & Son*, 227 NY 418, 421; *Gregoris Motors v Nissan Motor Corp.*, 80 AD2d 631, *affd* 54 NY2d 634), the claims for tortious interference with a contract should have been dismissed.

The plaintiffs' claims for violation of their constitutional rights should also have been dismissed. In this regard, the plaintiffs allege purely private conduct for which there is no constitutional due process protection (see, *Shields v School of Law*, 77 AD2d 867, 868).

Inasmuch as the defendants did not move to dismiss the plaintiff Bevilacque's claims for breach of contract or violation of the Franchised Motor Vehicle Dealer Act, those claims remain viable at this stage of the litigation.

Finally, Toporek's claims under Vehicle and Traffic Law § 460 *et seq.* (the Franchised Motor Vehicle Dealer Act) should also have been dismissed because there is no allegation that Toporek was a franchised motor vehicle dealer (see, Vehicle and Traffic Law § 462 [7]; § 469). We determine, therefore, that the complaint insofar as it is asserted on behalf of the plaintiff Toporek should have been dismissed in its entirety. Niehoff, J. P., Rubin, Kunzeman and Spatt, JJ., concur.