■ JAMES J. GALLAGHER, Respondent-Appellant, v BENJAMIN V. LAMBERT et al., Appellants-Respondents.—Order, Supreme Court, New York County (Martin Stecher, J.), entered August 8, 1987, which, inter alia, denied defendants-appellants-respondents' motion for summary judgment dismissing the first, second and third causes of action and denied specific performance on defendants' counterclaim to enforce the shareholders' agreement, modified, on the law, to dismiss the first three causes of action of the complaint and to grant specific performance of the amended stockholders' agreement and otherwise affirmed, without costs.

Plaintiff instituted this action against his former employer, defendant Eastdil Realty, Inc. (Eastdil), alleging breaches of

fiduciary duty, of the obligation of good faith and fair dealing, and of the amended stockholders' agreement, arising out of his dismissal on January 10, 1985. Prior to that time, plaintiff was an officer and director of both Eastdil and its wholly owned subsidiary Eastdil Advisers, Inc. His association with the principal shareholder of Eastdil, defendant Benjamin Lambert, began in the 1960s and, in 1968 plaintff accepted a position as vice-president of the company. Five years later, plaintiff left the company to start his own firm, but returned in April 1976 and was appointed vice-president at a salary of $60,000. When Eastdil Associates was created in 1978, plaintiff was named president and chief executive officer. He was elected to Eastdil's board of directors in 1980.

During this time plaintiff's compensation steadily increased from $135,000 in 1979 to over $1,000,000 for fiscal year 1984. In January 1981, certain of Eastdil's officers were invited to purchase shares of nonvoting stock in the company. In the spring of 1983, Eastdil underwent a capital reorganization wherein the voting stock was retired, the nonvoting shares increased and converted into voting shares. Plaintiff received 8.5% of the new voting stock, making him the third largest shareholder. An amended stockholders' agreement was executed by plaintiff, wherein he was obligated to tender his shares and Eastdil was obligated to purchase them upon termination of plaintiff's employment with the company. The agreement stipulated that if his employment ceased on or before January 31, 1985, the shares would be purchased at book value. After that date, however, the buy-out price was to be based on a formula tied to Eastdil's earnings. Plaintiff who was at all times an at-will employee, was discharged 21 days before the effective date for the new stock valuation formula.

Defendants moved for summary judgment on all causes of action following pretrial examination of plaintiff, and for judgment on their counterclaim demanding specific performance of the amended stockholders' agreement. The motion was granted as to the fourth, fifth and eighth causes of action and defendants now challenge the Supreme Court's refusal to dismiss the first three causes of action. We agree that summary judgment dismissing the claims for breach of fiduciary duty, breach of good faith and fair dealing and breach of the stockholders' agreement is warranted.

The Court of Appeals has rejected the doctrine of abusive discharge of at-will employees *(Murphy v American Home Prods. Corp.,* 58 NY2d 293 [1983]). This type of employment relationship may be terminated by either party at any time

for any reason or even for no reason at all. Plaintiff, however, relies on the shareholders' agreement and his status as a minority shareholder for the creation of a fiduciary duty and an obligation of good faith and fair dealing which, he maintains, was breached when defendants terminated his employment solely for the purpose of acquiring his stock at the lower buy-out rate.

While it is clear that defendants stood to gain substantially if plaintiff's shares could be purchased before the effective date for the higher buy-out price, plaintiff had no guarantee, contractual or otherwise, that defendants would not act in their own self-interest or that his employment would continue until such time as he could avail himself of the higher buy-out price. No fiduciary duty was created by the shareholders' agreement which contained a mandatory repurchase-upon-termination clause (Bevilacque v Ford Motor Co., 125 AD2d 516, 519-520 [2d Dept 1986]). Plaintiff's bargain gave him the right to be a shareholder only so long as he remained an employee (see, Coleman v Taub, 638 F2d 628, 636-637 [3d Cir 1981]) and his right to remain an employee was subject at all times to the unfettered discretion of his employer. The terms of the amended stockholders' agreement are clear and plaintiff has shown no reason why specific performance should not be granted (Matter of Fontana D'Oro Foods [Agosta], 65 NY2d 886, 888 [1985]; Fender v Prescott, 101 AD2d 418, 424-425 [1st Dept 1984]). Summary judgment on defendants' counterclaim for specific performance of the amended stockholders' agreement, is, therefore, granted and the first three causes of action in the complaint dismissed. Concur—Sullivan, Milonas and Rosenberger, JJ.

Kupferman, J. P., and Smith, J., dissent and would affirm for the reasons stated by Stecher, J.