■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

ISAAC SCHWARTZ, SURGIMEX, INC., G.I. SURGICAL CORP., Also Known as G.I. SURGICAL, INC. and BIO-MEDICAL SURGICAL CO., INC., Also Known as BIO-MEDICAL SUPPLY CORPORATION, Appellants.—Appeal by the defendants from four judgments (one as to each of them) of the Supreme Court, Queens County (Posner, J.), all rendered June 6, 1988, convicting each defendant of entering into an agreement in restraint of the free exercise of trade and competition, upon jury verdicts, and imposing sentences.

Ordered that the judgments are affirmed.

Contrary to the defendants' contentions, we find that viewing the evidence in a light most favorable to the prosecution, it was legally sufficient to establish beyond a reasonable doubt that the defendants violated the Donnelly Act (General Business Law § 340) (see, People v Contes, 60 NY2d 620). Specifically, the evidence established that the defendant Isaac Schwartz owned up to 75% of each of the three defendant corporations, and conspired with the corporations (see, Bevilacque v Ford Motor Co., 125 AD2d 516, 518), to restrict free trade and competition by submitting collusive bids on contracts for furnishings for a nursing home established pursuant to Public Health Law article 28-A (see, 10 NYCRR 87.40 [b]). The purpose of the bids was to give the appearance of complying with the aforementioned regulations governing competitive bidding requirements. It is clear that the defendants, submitting bids with fictitious signatures, entered into an arrangement with the administrator of the nursing home, who testified only after receiving immunity, whereby the bids of independent competitors were summarily rejected by the administrator in favor of the defendants' bids. Moreover, there was evidence that the defendant Schwartz admitted that he maintained three corporations for the express purpose of submitting multiple bids on nursing home and hospital contracts because it improved his chances of winning since he was in fact competing with himself. In truth, however, he was, by arrangement with the administrator, the only competitor for the contracts in question, and thereby committed per se anticompetitive acts of bid rigging (see, United States v Portsmouth Paving Corp., 694 F2d 312, 317-318; United States v Koppers Co., 652 F2d 290, 293-295, cert denied 454 US 1083; United States v Brighton Bldg. & Maintenance Co., 598 F2d 1101, cert denied 444 US 840, see also, F.T.C. v Superior Ct. Trial Lawyers Assn., 493 US —, 110 S Ct 768).

We have reviewed the defendants' remaining contentions

and find them to be without merit. Rubin, J. P., Eiber, Rosenblatt and Miller, JJ., concur.