■ COMMITTEE OF UNSECURED CREDITORS OF INTERSTATE CIGAR Co., INC., Respondent-Appellant, v INTERSTATE DISTRIBUTION, INC., et al., Defendants, and NANCY SPIELFOGEL et al., Appellants-Respondents. [620 NYS2d 78] —In an action, *inter alia,* to declare a bulk transfer of assets ineffective and to set aside this transfer as fraudulent as to the plaintiff creditor, (1) the defendants Nancy Spielfogel, Sarah Spielfogel, Lawrence C. Aaronson, and Sandra Spielfogel-Saiger appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (McCabe, J.), dated January 13, 1993, as denied in part their motion to dismiss the amended complaint insofar as it is asserted against them for failure to state a

cause of action, and (2) the plaintiff cross-appeals from so much of the order as granted the branch of the motion which was to dismiss the second cause of action.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the branch of the motion which was to dismiss the first cause of action insofar as it is asserted against the appellants-respondents, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellants-respondents.

On March 7, 1990, Interstate Cigar Co., Inc. transferred certain assets of its health and beauty aids business to the defendant Interstate Distribution, Inc., for over $25,000,000. On or about September 4, 1990, the plaintiff, a committee of unsecured creditors appointed by the United States Bankruptcy Court, commenced an action against Interstate Distribution, Inc., to set aside the bulk transfer as a fraudulent conveyance. On or about May 21, 1992, the plaintiff amended its complaint, adding the individual appellants-respondents as defendants. The plaintiff alleged, *inter alia,* that the appellants-respondents were shareholders, officers, and members of the board of directors of the transferor, Interstate Cigar Co., Inc. As a first cause of action, the plaintiff alleged that the defendants violated UCC 6-104 and 6-105 and that the bulk transfer was ineffective against the plaintiff because the plaintiff was not provided with notice of the bulk transfer at least 10 days before the transferee took possession of the assets. As a second cause of action, the plaintiff alleged that the conveyance was fraudulent under Debtor and Creditor Law §§ 273 and 276. The plaintiff asks to set aside the bulk transfer and for damages.

Because this action was not commenced within six months after the date on which the transferee took possession of the goods, the first cause of action alleging violation of the Bulk Sales Law was not timely brought against the appellants-respondents and was barred by the Statute of Limitations *(see,* UCC 6-111). The appellants-respondents were not united in interest with the original defendants, as the plaintiff alleged that they were shareholders and officers of the debtor Interstate Cigar Co., Inc., and not shareholders and officers of the transferee Interstate Distribution, Inc. *(see,* CPLR 203; *Mondello v New York Blood Ctr.—Greater N. Y. Blood Program,* 80 NY2d 219, 226; *Brock v Bua,* 83 AD2d 61). Furthermore, UCC article 6 contains no provision defining the nature and

scope of the remedies of a creditor of the transferor for noncompliance with it *(see,* Sanctions for Noncompliance, following UCC 6-111, McKinney's Cons Laws of NY, Book 62½, Uniform Commercial Code art 6, at 719). The creditor that did not receive notice may disregard the transfer and levy on the goods still belonging to the transferor, or a receiver representing the creditors can take the goods by whatever procedure the local law provides *(see,* Sanctions for Noncompliance, following UCC 6-111, McKinney's Cons Laws of NY, Book 62½, Uniform Commercial Code art 6, at 719). The statute does not create a cause of action to recover damages for conspiracy or tortious inducement to violate the Bulk Sales Law *(see, Mercantile Fin. Corp. v P & F Indus.,* 63 AD2d 1014, 1015; *Phoenix Indem. Co. v Alpine Cream Co.,* 151 Misc 447). A creditor's remedy is to sue in equity to set aside the conveyance. The creditor may not seek a personal judgment in tort or otherwise against the transferor or the transferee for noncompliance with the Bulk Sales Law *(see, H.L.C. Imports Corp. v M & L Siegel,* 98 Misc 2d 179, 180).

Viewing the allegations asserted in the complaint in the light most favorable to the plaintiff, the court properly dismissed the second cause of action insofar as it is asserted against the appellants-respondents. When a conveyance is fraudulent as to a creditor, that creditor may have the conveyance set aside or disregard the conveyance and attach or levy execution upon the property conveyed *(see,* Debtor and Creditor Law §§ 278, 279). These sections of the Debtor and Creditor Law did not, either explicitly or implicitly, create a creditor's remedy for money damages against parties who were neither transferees of the assets nor beneficiaries of the conveyance *(see, Federal Deposit Ins. Corp. v Porco,* 75 NY2d 840, 842). There was nothing improper about preferring certain creditors over the plaintiff *(see, Ultramar Energy v Chase Manhattan Bank,* 191 AD2d 86, 90-91).

We have considered the plaintiff's remaining contentions and find them to be without merit. Lawrence, J. P., Santucci, Altman and Goldstein, JJ., concur.