■ In the Matter of the Claim of AKOS SWIERKIEWICZ, Appellant. COMMISSIONER OF LABOR, Respondent. [678 NYS2d 812] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 14, 1997, which, *inter alia*, ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

On April 14, 1997, claimant, a senior vice-president of his company, hand-delivered a letter to the president's office outlining what he perceived to be various work-related grievances. He felt he had reached a "glass ceiling" in his $240,000 a year job and concluded that he had "no other choice but to leave the company" provided certain "demands" could be met. His demands included a "1 year paid leave of absence (with all benefits, including medical, dental, short and long term disability term life insurance, 401K contribution, company car, pension contribution, etc.)", as well as certain corporate directorships.* On Saturday, April 26, 1997, claimant cleared out his office, removed all of his personal possessions and emptied his desk. Because of scheduled business trips and vacations, the president and claimant were unable to meet

---

* As an at-will employee, claimant had no legal right to "demand" any terms for his resignation and there was "no guarantee, contractual or otherwise, that [his employer] would not act in [its] own self-interest" in rejecting these demands (*Gallagher v Lambert*, 143 AD2d 313, 315, *affd* 74 NY2d 562).

personally to discuss the April 14, 1997 letter until Tuesday, April 29, 1997 when, claimant insouciantly argues, he reported for work "ready to perform his job". At that meeting, when claimant failed to offer a reasonable explanation for his behavior, he was given the option of resigning or being fired. Declining the opportunity to resign, claimant was discharged. The Unemployment Insurance Appeal Board adopted the findings of the Administrative Law Judge who determined that claimant's April 14, 1997 letter, coupled with cleaning out his office, constituted a voluntary resignation of employment without good cause disqualifying him from receiving unemployment insurance benefits.

We affirm. There is more than ample evidence to support the Board's conclusion that claimant's unemployment as of April 29, 1997 was caused by his own actions in voluntarily leaving his employment (see, Matter of Devlin [Schmitt—Sweeney], 233 AD2d 664, lv denied 89 NY2d 809; Matter of Etheridge [Hudacs], 184 AD2d 886, lv denied 80 NY2d 759).

Mikoll, J. P., White, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.