■ Tom Wesselmann et al., Respondents-Appellants, v International Images, Inc., et al., Appellants-Respondents. [687 NYS2d 339] —Order and judgment (one paper), Supreme Court, New York County (Beverly Cohen, J.), entered February 14, 1997, which granted plaintiffs' motion for partial summary judgment on their second cause of action to the extent of declaring that the unsold art work and the proceeds from unsold art work were part of a trust, and directing defendants to turn over all unsold art work to plaintiffs, and orders, same court and Justice, entered on or about December 23, 1997, which denied plaintiffs' motion for leave to submit a sur-sur-reply in support of their motion for summary judgment on their remaining causes of action, and granted defendants' cross motion to sanction plaintiffs' attorney for making the main motion to the extent of directing plaintiffs' attorney to pay defendants' attorney $800, and on or about November 24, 1998, which, *inter alia*, (a) granted plaintiffs' motion to reargue an order, same court and Justice, entered June 4, 1998, denying plaintiffs' motion for summary judgment on their remaining causes of action, and, upon reargument, adhered to the original decision except to the extent of granting plaintiffs summary judgment, as to liability only, with respect to two specific claims of breach of fiduciary duty, (b) ordered mutual accountings, and (c) granted defendants' cross motion to sanction plaintiffs for making the motion to reargue to the extent of directing plaintiffs to pay defendants' attorney $2,500, unanimously affirmed,

without costs. Appeal from order, same court and Justice, entered June 4, 1998, which (a) denied plaintiffs' motion for summary judgment on their remaining causes of action, (b) granted defendants' cross motion to amend their answer to interpose counterclaims, and (c) insofar as appealable, denied defendants' motion to renew the order entered February 14, 1997, unanimously dismissed, without costs, to the extent superseded by the appeal from the November 24 order on reargument, and the order is otherwise affirmed. Appeal by defendants Karla MacKay, Graphics and DAL from the order entered February 14, 1997, unanimously dismissed, without costs, as these defendants defaulted on the original motion (172 Misc 2d 247, 248, n).

The motion court properly granted plaintiffs' motion for summary judgment on the second cause of action because the art work and proceeds from sold art work constitute trust property (Arts and Cultural Affairs Law § 12.01; *see, Indemnity Ins. Co. v Art Students League*, 225 AD2d 398). The fact that the parties' written agreement entitled defendant International Images to be reimbursed for printing and other related costs did not alter the trust relationship, and did not create a security interest in the art work in favor of that defendant (Arts and Cultural Affairs Law § 12.01 [1] [a] [v]; *see, Zucker v Hirschl & Adler Galleries*, 170 Misc 2d 426). Defendants' motion to renew was properly denied for failure to show that any of the purportedly new material was unavailable at the time of the original motion.

The motion court properly denied plaintiffs' motion for summary judgment on the remaining causes of action, except to the limited extent it corrected itself, upon plaintiffs' motion to reargue the June 4, 1998 order, by granting judgment, as to liability only, for breaches of fiduciary duty arising out of defendant Karla MacKay's secretion of prints to Florida, and defendants' failure to pay monies held in trust for plaintiffs on demand. Otherwise, plaintiffs' allegations were contradicted, and the motion court properly granted defendants' motion to amend their answer to add counterclaims for setoff, which counterclaims are another basis for denying plaintiffs' motion (*see, Yoi-Lee Realty Corp. v 177th St. Realty Assocs.*, 208 AD2d 185, 189-190). In addition, the motion court properly directed the parties to account to each other, since an accounting will help sort out what assets are involved, and will enable the parties to meaningfully pursue their respective claims concerning their prior business arrangement (*see, Miske v Berdon*, 189 AD2d 594), which, as the court noted, most closely ap-

proximates a joint venture (compare, Amengual v Demetroules, 167 AD2d 275, lv denied 77 NY2d 803, with Village of Wellsville v Village of Andover, 231 AD2d 870).

The motion court properly sanctioned plaintiffs' attorney for frivolous conduct in making the motion for leave to submit sur-sur-reply papers in support of plaintiffs' motion for summary judgment, since that conduct violated a prior, oral court directive that plaintiffs' attorney not submit further papers on the motion, the papers constituted further argument on matters already argued, and the motion was undertaken primarily to delay or prolong resolution of the litigation (22 NYCRR 130-1.1 [c] [1], [2]; see, Fern v Brown, Harris, Stevens, 190 AD2d 515). The motion court also properly sanctioned plaintiffs for making the motion to reargue the same motion. Although plaintiffs prevailed to a limited extent upon reargument, the thrust of their motion, that no accounting was needed since defendants were not entitled to keep any share of the profits of the parties' business venture, was a rehash of the arguments that the court previously refused to entertain on their motion to submit sur-sur-reply papers, and was rejected.

We have considered the parties' other arguments for affirmative relief and find that they lack merit. Concur—Sullivan, J. P., Nardelli, Williams and Andrias, JJ. [See, 172 Misc 2d 247.]