■ MARCELLA & CO., INC., et al., Appellants, v AVON PRODUCTS, INC., Respondent. (Action No. 1.) GERRY BAXTER et al., Appellants, v AVON PRODUCTS, INC., Respondent. (Action No. 2.) [724 NYS2d 192] —In two related actions, *inter alia*, to recover damages for breach of contract, the plaintiffs in Action No. 1 appeal from (1) a decision of the Supreme Court, Kings County (Belen, J.), dated August 4, 1999, and (2) an order of the same court dated January 20, 2000, which granted the defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the first amended complaint in Action No. 1, and the plaintiffs in Action No. 2 appeal from an order of the same court, also dated January 20, 2000, which granted the defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint in Action No. 2.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the orders are affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

We agree with the Supreme Court that the plaintiffs in both actions failed to state a cause of action to recover damages for breach of contract against the defendant with respect to the termination of an incentive program. The Sales Dealer's Agreement, entitling the plaintiffs to buy the defendant's products at wholesale and sell those products at a markup, was the final and entire agreement of the parties. Moreover, the plaintiffs' assertion that there was an agreement regarding the incentive program is contradicted by the Sales Dealer's Agreement, which provides that it is "the sole and only Agreement between the parties" and that it is "not subject to change, except in writing, signed by an authorized Avon official." "A written agreement or other written instrument which contains a provision to the effect that it cannot be changed orally, cannot be changed by an executory agreement unless such executory agreement is in writing and signed by the party against whom enforcement of the change is sought or by his agent" (General Obligations Law § 15-301 [1]; *see, Backer v Lewit,* 180 AD2d 134).

In the absence of a contract regarding the incentive program, no duty of good faith can be implied (*see, Murphy v American Home Prods. Corp.,* 58 NY2d 293; *Van Valkenburgh, Nooger &*

*Neville v Hayden Publ. Co.,* 30 NY2d 34, *cert denied* 409 US 875). Thus, the plaintiffs' cause of action alleging breach of the implied duty of good faith and fair dealing was properly dismissed.

Any alleged agreement regarding the incentive program was not a franchise agreement as defined in General Business Law § 681. Therefore, the Supreme Court correctly dismissed the causes of action alleging a violation of that statute. With regard to the plaintiffs' causes of action to recover damages for breach of fiduciary duty, even assuming there was a franchise, there is no fiduciary relationship between a franchisee and a franchisor *(see, Bevilacque v Ford Motor Co.,* 125 AD2d 516).

The plaintiffs' remaining contentions are without merit. O'Brien, J. P., S. Miller, Smith and Crane, JJ., concur.