■ Tony T. Gjokaj, Appellant, v Jean Fox et al., Respondents. [809 NYS2d 156]—

In an action for a judgment declaring that the plaintiff is the owner by adverse possession of a certain parcel of real property, the plaintiff appeals from an order of the Supreme Court, Westchester County (Barone, J.), entered September 17, 2004, which granted the defendants' motion for summary judgment dismissing the complaint and denied his cross motion for leave to amend the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the cross motion is granted, and the amended complaint is deemed served.

The plaintiff purchased property from Valerie Nelson in 1993. The defendants own a large parcel of land to the east of and adjacent to the plaintiff's property. The plaintiff's property is bounded on three sides by stone walls, and a fourth stone wall runs outside the eastern border of the land described in the plaintiff's deed. The defendants have record title to a triangular patch of land measuring .411 acres, on the western side of the stone wall. That land is the subject of this adverse possession action.

The plaintiff and his father testified that Valerie Nelson and her former husband made statements evincing their belief that they had owned the disputed land for approximately 40 years. The Supreme Court erred in refusing to consider these statements as evidence of "the nature and extent of the possession and the character and quality of the claim of title" (*Gilmartin v Buchanan*, 134 App Div 587, 588 [1909]). Used for such a purpose, these statements are not hearsay and are properly admissible (*see Morss v Salisbury*, 48 NY 636 [1872]; *Peattie v Gabel*, 155 App Div 786 [1913]).

Accordingly, the Supreme Court erred in granting the defendants' motion for summary judgment dismissing the complaint. The Nelsons' statements, along with evidence that Valerie Nelson placed a garden and sheds in the disputed area, used another portion of the disputed area as a dump, and mowed her lawn up to the eastern stone wall which enclosed the area as part of her main property, raised issues of fact as to whether Valerie Nelson adversely possessed the disputed area for the prescribed period, and thereafter transferred her interest to the plaintiff (*see* RPAPL 522; *Belotti v Bickhardt*, 228 NY 296 [1920]; *City of Tonawanda v Ellicott Cr. Homeowners Assn.*, 86 AD2d 118 [1982]; *Bassett v Nichols*, 26 AD2d 569 [1966]). The fact that the deeds for the plaintiff's property do not contain a description of the disputed area does not compel a different result (*see Bradt v Giovannone*, 35 AD2d 322 [1970]; *Rasmussen v Sgritta*, 33 AD2d 843 [1969]). As the defendants' own submissions raised issues of fact requiring a trial, they did not meet their burden of making a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case, and summary judgment was improperly granted (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

The Supreme Court also erred in denying the plaintiff's cross motion for leave to amend the complaint to include a cause of action for a prescriptive easement. Leave to amend a pleading is to be freely given where, as here, there is no showing of prejudice or surprise to the nonmoving party, and the proposed amendment is not totally devoid of merit (*see* CPLR 3025 [b]; *Consolidated Payroll Servs., Inc. v Berk*, 18 AD3d 415 [2005]). Florio, J.P., H. Miller, Spolzino and Dillon, JJ., concur.