■ WILMINGTON TRUST COMPANY, as Owner-Trustee of FL RECEIVABLES TRUST 2002-A, Appellant, v BURGER KING CORPORATION et al., Respondents. [826 NYS2d 205]—

Judgment, Supreme Court, New York County (Charles E. Ramos, J.), entered December 7, 2005, dismissing the complaint pursuant to an order, same court and Justice, entered November 18, 2005, which, in an action for tortious interference with contract, granted defendants' motions for summary judgment dismissing the complaint, unanimously affirmed, with costs. Appeal from the aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment. Order, same court and Justice, entered June 8, 2006, which, insofar as appealed from, denied plaintiff's motion to renew, unanimously affirmed, with costs.

As a creditor of the subject franchisees, defendant franchisor had an economic interest justifying interference with plaintiff's loan agreements with the franchisees (*see Ultramar Energy v Chase Manhattan Bank*, 179 AD2d 592, 592-593 [1992]), provided the interference was not motivated by malice or accomplished through illegal means (*see Foster v Churchill*, 87 NY2d 744, 750-751 [1996]). Plaintiff asserts that the franchisor and defendant financial consultant, supposedly engaged by the franchisor to assist its insolvent franchisees in restructuring their debt, induced the franchisees to breach their loan agreements with plaintiff, and to prefer payment of their debts to the franchisor over those to plaintiff, by fraudulently concealing from the franchisees that the consultant was the franchisor's agent acting solely on the franchisor's behalf. We reject this claim for several reasons. First, there was no misrepresentation. Documentary evidence shows that the franchisor disclosed to the franchisees that it would be paying the consultant's fees and "directing" the restructuring programs that the consultant was engaged to "administer." Second, because the relationship between the franchisor and franchisees was not a fiduciary one (*Marcella & Co. v Avon Prods.*, 282 AD2d 718, 719 [2001], *lv denied* 96 NY2d 721 [2001]), the franchisor had no affirmative duty to disclose that the consultant was acting on its behalf rather than the franchisees' (*see Shisgal v Brown*, 21 AD3d 845, 848 [2005]). Third, the franchisees were in breach of their loan agreements with plaintiff before defendants committed the alleged interference, and plaintiff's allegations provide no basis

for inferring that the franchisees would have preferred plaintiff over the franchisor but for the alleged concealment (*see Cantor Fitzgerald Assoc. v Tradition N. Am.*, 299 AD2d 204 [2002], *lv denied* 99 NY2d 508 [2003]; *Committee of Unsecured Creditors of Interstate Cigar Co. v Interstate Distrib.*, 210 AD2d 283, 285 [1994] [nothing improper about preferring certain creditors over others]). We have considered plaintiff's other arguments, including that there should be further disclosure and that its motion to renew should have been granted, and find them unavailing. Concur—Andrias, J.P., Friedman, Sullivan, Nardelli and Malone, JJ. [*See* 10 Misc 3d 1053(A), 2005 NY Slip Op 51943(U) (2005).]