■ ALAADDIN AKKAYA et al., Appellants, v PRIME TIME TRANSPORTATION, INC., Respondent. [845 NYS2d 827]—

In an action for an accounting, the plaintiffs appeal from an order of the Supreme Court, Queens County (Price, J.), dated May 8, 2006, which denied their motion for summary judgment on the complaint and granted that branch of the defendant's

cross motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

"The right to an accounting rests on the existence of a trust or fiduciary relationship regarding the subject matter of the controversy at issue" (*Town of New Windsor v New Windsor Volunteer Ambulance Corps, Inc.*, 16 AD3d 403, 404 [2005]; *see El-Khoury v Karasik*, 265 AD2d 372, 373-374 [1999]; *Wesselmann v International Images*, 259 AD2d 448 [1999]; *Chalasani v State Bank of India, N.Y. Branch*, 235 AD2d 449, 450 [1997]). "[T]here is no fiduciary relationship between a franchisee and a franchisor" (*Marcella & Co. v Avon Prods.*, 282 AD2d 718, 719 [2001]; *see Wilmington Trust Co. v Burger King Corp.*, 34 AD3d 401 [2006]; *Bevilacque v Ford Motor Co.*, 125 AD2d 516, 519 [1986]; *Mobil Oil Corp. v Rubenfeld*, 48 AD2d 428, 432 [1975], *affd* 40 NY2d 936 [1976]). Here, the defendant established, and the plaintiffs conceded, that the relationship between the parties is one of franchisor and franchisees. Therefore, the defendant established its prima facie entitlement to summary judgment dismissing the complaint. In response, the plaintiffs failed to raise a triable issue of fact regarding whether a fiduciary relationship existed. Therefore, the Supreme Court properly granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint. Miller, J.P., Lifson, Angiolillo and McCarthy, JJ., concur.