■ WILLIAM J. DiTOLLA, Appellant, v DORAL DENTAL IPA OF NEW YORK, LLC, et al., Respondents. [953 NYS2d 155]—

In a class action for an accounting, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Woodard, J.), dated August 12, 2011, which upon an order of the same court dated July 21, 2011, granting the defendants' motion for summary judgment dismissing the complaint and denying his cross motion for summary judgment on the complaint, or in the alternative, pursuant to CPLR 3126 to strike the answer, is in favor of the defendants and against him dismissing the complaint.

Ordered that on the Court's own motion, the notice of appeal from the order dated July 21, 2011, is deemed to be a notice of appeal from the judgment dated August 12, 2011 (*see* CPLR 5512 [a]); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiff is a dentist who entered into a Dental Provider Service Agreement (hereinafter DPSA) with the defendant Doral Dental IPA of New York, LLC (hereinafter Doral), to provide dental services to members of certain health plans. Pursuant to

the DPSA, payment was to be made to participating dentists on a pro-rata basis from global budget pools set up for each health plan.

The plaintiff commenced this class action against Doral and its parent companies, seeking an accounting of payments made from the global budget pools during the relevant period. The defendants moved for summary judgment dismissing the complaint, and the plaintiff cross-moved for summary judgment on the complaint or, in the alternative, pursuant to CPLR 3126 to strike the answer. The Supreme Court granted the defendants' motion and denied the plaintiff's cross motion. The plaintiff appeals.

"The right to an accounting rests on the existence of a trust or fiduciary relationship regarding the subject matter of the controversy at issue" (*Town of New Windsor v New Windsor Volunteer Ambulance Corps, Inc.*, 16 AD3d 403, 404 [2005]; *see Akkaya v Prime Time Transp., Inc.*, 45 AD3d 616 [2007]). A fiduciary relationship arises when one is " 'under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation' " (*Oddo Asset Mgt. v Barclays Bank PLC*, 19 NY3d 584, 592-593 [2012], quoting *Roni LLC v Arfa*, 18 NY3d 846, 848 [2011] [internal quotation marks omitted]). It is "grounded in a higher level of trust than normally present in the marketplace between those involved in arm's length business transactions" (*EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]). A conventional business relationship, without more, is insufficient to create a fiduciary relationship (*see AHA Sales, Inc. v Creative Bath Prods., Inc.*, 58 AD3d 6, 21 [2008]). Rather, a plaintiff must make a "showing of 'special circumstances' that could have transformed the parties' business relationship to a fiduciary one, such as control by one party of the other for the good of the other" (*L. Magarian & Co. v Timberland Co.*, 245 AD2d 69, 70 [1997] [citation omitted]; *see AHA Sales, Inc. v Creative Bath Prods., Inc.*, 58 AD3d at 21).

Here, the defendants established, prima facie, their entitlement to judgment as a matter of law by demonstrating that the parties had a conventional business relationship, which did not create a fiduciary relationship (*see Staffenberg v Fairfield Pagma Assoc., L.P.*, 95 AD3d 873, 874 [2012]; *see also Oddo Asset Mgt. v Barclays Bank PLC*, 19 NY3d at 593; *Northeast Gen. Corp. v Wellington Adv.*, 82 NY2d 158, 162 [1993]; *Gerstel v Workmen's Benefit Fund of U.S.A.*, 5 Misc 2d 1012 [1956], *mod* 4 AD2d 937 [1957]). In opposition, the plaintiff failed to raise a triable issue of fact regarding the fiduciary nature of the rela-

tionship (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the defendants' motion and denied the plaintiff's cross motion. Dillon, J.P., Balkin, Leventhal and Hall, JJ., concur.