In an action, inter alia, to recover damages for breach of fiduciary duty, the defendant Audi of America, Inc., a division of Volkswagen of America, Inc., appeals from an order of the Supreme Court, Suffolk County (Emerson, J.), dated July 14, 2011, which denied its motion for summary judgment dismissing the second amended complaint insofar as asserted against it.
Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant Audi of America, Inc., a division of Volkswagen of America, Inc., which was for summary judgment dismissing the third cause of action in the second amended complaint insofar as asserted against it and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with one bill of costs to the defendant Audi of America, Inc., a division of Volkswagen of America, Inc.
The defendant Audi of America, Inc., a division of Volkswagen of America, Inc. (hereinafter Audi), is the United States importer and distributor of Audi-brand vehicles, and operates a network of approximately 265 dealers located throughout the country. The plaintiffs Audi of Smithtown, Inc., and Audi of Huntington, Inc. (hereinafter together the dealer plaintiffs) are two franchised Audi dealers in Suffolk County, which operate pursuant to identical Dealer Agreements with Audi. In 2007, Audi entered into a Dealer Agreement with Atlantic Imports, Inc. (hereinafter Atlantic), appointing it as an authorized Audi dealer in Suffolk County, to operate at a location within 13 miles of each of the dealer plaintiffs.
The dealer plaintiffs, among others, commenced this action against Audi, among others, alleging that the circumstances surrounding the appointment of Atlantic as a newly franchised dealer breached express terms of their Dealer Agreements with Audi, the covenant of good faith and fair dealing implied in those agreements, and Audi’s fiduciary obligations to them. Audi moved for summary judgment dismissing the second amended complaint insofar as asserted against it. While the motion was pending, the other plaintiffs discontinued their actions against Audi. The Supreme Court thereafter denied the motion, and Audi appeals.
*716 The Supreme Court properly denied that branch of Audi’s motion which was for summary judgment dismissing, insofar as asserted against it, the second cause of action in the second amended complaint, which alleged breach of the express terms of the Dealer Agreements and breach of the covenant of good faith and fair dealing implied in those agreements. Implicit in every contract is a covenant of good faith and fair dealing, which encompasses any promise that a reasonable promisee would understand to be included (see Dalton v Educational Testing Serv., 87 NY2d 384, 389 [1995]; New York Univ. v Continental Ins. Co., 87 NY2d 308, 318 [1995]). The covenant embraces a pledge that “neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract” (Dalton v Educational Testing Serv., 87 NY2d at 389 [internal quotation marks omitted]). “The duty of good faith and fair dealing, however, is not without limits, and no obligation can be implied that ‘would be inconsistent with other terms of the contractual relationship’ ” (id. at 389, quoting Murphy v American Home Prods. Corp., 58 NY2d 293, 304 [1983]).
Contrary to Audi’s contention, the dealer plaintiffs’ claim that is based on the alleged breach of the covenant of good faith and fair dealing is not inconsistent with the nonexclusivity provision of the “standard provisions” that are incorporated into the Dealer Agreements. While Audi retained the discretion to add newly franchised dealers within the existing dealers’ territories, “even an explicitly discretionary contract right may not be exercised in bad faith so as to frustrate the other party’s right to the benefit under the agreement” (Richbell Info. Servs. v Jupiter Partners, 309 AD2d 288, 302 [2003]; see Carvel Corp. v Diversified Mgt. Group, Inc., 930 F2d 228, 232 [1991]). Viewing the evidence in the light most favorable to the dealer plaintiffs (see Schaffe v SimmsParris, 82 AD3d 867 [2011]), Audi failed to eliminate all material, triable issues of fact in connection with this issue. Thus, Audi failed to meet its burden of making a prima facie showing of entitlement to judgment as a matter of law on so much of the second cause of action as alleged a breach of the covenant of good faith and fair dealing, and that branch of the motion was properly denied (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Gjokaj v Fox, 25 AD3d 759 [2006]).
Likewise, Audi failed to make a prima facie showing of entitlement to judgment as a matter of law dismissing so much of the second cause of action in the second amended complaint as alleged the breach of the express terms of the Dealer Agreements, *717 including Audi’s obligation to “actively assist Dealer in all aspects of Dealer’s Operations through such means as Audi considers appropriate.” Audi submitted transcripts of depositions in which its executives testified that the normal approach to underperformance issues was to discuss such issues with the dealers and give them time to implement action plans prior to opening a newly franchised dealership. Audi also submitted testimony that such an approach was not followed here. Accordingly, Audi failed to meet its burden of eliminating all material, triable issues of fact on this claim and, as such, that branch of the motion was properly denied (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853; Gjokaj v Fox, 25 AD3d 759 [2006]).
However, the Supreme Court should have granted that branch of Audi’s motion which was for summary judgment dismissing, insofar as asserted against it, the third cause of action in the second amended complaint, which alleged a breach of fiduciary duty. A conventional business relationship, without more, is insufficient to create a fiduciary relationship. Rather, a plaintiff must show special circumstances that transformed the parties’ business relationship to a fiduciary one (see AHA Sales, Inc. v Creative Bath Prods., Inc., 58 AD3d 6, 9 [2008]; L. Magarian & Co. v Timberland Co., 245 AD2d 69 [1997]). The general rule is that there is no fiduciary relationship between a franchisee and a franchisor (see Akkaya v Prime Time Transp., Inc., 45 AD3d 616 [2007]; Wilmington Trust Co. v Burger King Corp., 34 AD3d 401 [2006]; Marcella & Co. v Avon Prods., 282 AD2d 718 [2001]; Bevilacque v Ford Motor Co., 125 AD2d 516, 519 [1986]). While the relationship between automobile manufacturers and dealers is recognized as one characterized by a dealer’s dependency upon the manufacturer, this dominance, taken alone, is insufficient to establish a confidential relationship (see A. S. Rampell, Inc. v Hyster Co., 3 NY2d 369, 376 [1957]).
On its motion, Audi established that the situation presented by this case is not one of the “rare instances” in which the terms of the franchise agreements and the nature and extent of the parties’ relationships may have created confidential relationships (Lake Erie Distribs. v Martlet Importing Co., 221 AD2d 954, 955 [1995]; see Franklin Park Lincoln-Mercury, Inc. v Ford Motor Co., 2011 WL 5361738, 2011 US Dist LEXIS 125807 [ND Ohio 2011]; cf. Zimmer-Masiello, Inc. v Zimmer, Inc., 159 AD2d 363 [1990]; Matter of Sbarro Holding [Shien Tien Yuan], 111 Misc 2d 910 [1981], affd 91 AD2d 613 [1982]). In opposition to this showing, the dealer plaintiffs failed to raise a triable issue of fact regarding the existence of a fiduciary duty.
Audi’s remaining contention is without merit. Mastro, J.R, *718 Lott, Austin and Cohen, JJ., concur.