Iacovacci v Brevet Holdings, LLC (2021 NY Slip Op 05814)





Iacovacci v Brevet Holdings, LLC


2021 NY Slip Op 05814


Decided on October 26, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 26, 2021

Before: Kern, J.P., Oing, Singh, Mendez, Higgitt, JJ. 


Index No. 158735/16 Appeal No. 14476-14476A Case No. 2019-4836 2020-00937 

[*1]Paul Iacovacci, Plaintiff-Respondent,
v
Brevet Holdings, LLC, et al., Defendants-Appellants.


Reed Smith LLP, New York (Louis M. Solomon of counsel), for appellants.
Cyrulnik Fattaruso LLP, New York (Jason Cyrulnik of counsel), for respondent.



Order, Supreme Court, New York County (Alexander M. Tisch, J.), entered May 8, 2019, which, to the extent appealed from, granted plaintiff's motion for sanctions against defendants, unanimously affirmed, with costs. Order, same court and Justice, entered November 14, 2019, which awarded plaintiff costs and attorneys' fees in the amount of $23,190, unanimously affirmed, with costs.
The motion court providently exercised its discretion by imposing sanctions against defendants for instituting a pre-action petition for a bill of discovery against plaintiff's wife, a nonparty to this action, in Connecticut Superior Court (see Pickens v Castro, 55 AD3d 443, 444 [1st Dept 2008]). The Connecticut action was instituted based on the speculative claim that plaintiff's wife used a home computer that was provided to plaintiff by defendants, and allegedly could have forwarded confidential and proprietary information to other parties. However, the discovery protocol established after months of litigation between the parties in New York County Supreme Court already covered the materials sought in the Connecticut action, including emails to and from the email address purportedly used by plaintiff's wife (see e.g. Wesselmann v International Images, 259 AD2d 448, 450 [1st Dept 1999]). In addition, defendants' assertion that they have no other means of obtaining discovery and their failure to inform the Connecticut court of the discovery proceedings in New York amount to false statements in their petition (see Matter of Kover, 134 AD3d 64, 74-75 [1st Dept 2015]).
The motion court properly awarded legal fees and costs without a full evidentiary hearing (see Martinez v Estate of Carney, 129 AD3d 607, 609 [1st Dept 2015]). Defendants had ample opportunities to oppose plaintiff's fee application, but chose to dispute the prematurity of the application rather than the amount in fees sought (see Neroni v Follender, 137 AD3d 1336, 1339 [3d Dept 2016]; cf. Strauss v Strauss, 171 AD3d 596, 597 [1st Dept 2019]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 26, 2021