■ TWO CLINTON SQUARE CORP., Respondent, v SYDNEY FRIEDLER et al., Appellants, et al., Defendant. ALAN ROSOFF, Third-Party Plaintiff-Appellant, v SMITH, SOVIK, KENDRICK, MCAULIFFE & SCHWARZER, Third-Party Defendant-Respondent. (Appeal No. 1.) — Order unanimously modified and, as modified, affirmed, with costs to respondents, in accordance with the following memorandum: The parties have been before our court on four previous appeals concerning various aspects of continuing litigation arising from the same transaction (see *Two Clinton Sq. Corp. v Rosoff*, 59 AD2d 651; *Two Clinton Sq. Corp. v Computerized Recovery Systems*, 63 AD2d 852; *Two Clinton Sq. Corp. v Computerized Recovery Systems*, 84 AD2d 911; *Two Clinton Sq. Corp. v Computerized Recovery Systems*, 86 AD2d 786). This action was commenced in June, 1981 against defendants Friedler, Rosoff and Computerized Recovery Systems, Inc. (CRS) based upon an alleged conversion of accounts receivable. It sets forth 21 separate causes of action alleging conduct which constitutes a "continuing conspiracy to hinder, delay and defraud Plaintiff". Defendants' answer contains affirmative defenses which allege (1) Statute of Limitations; (2) *res judicata* as to Rosoff resulting from the dismissal of the action against him in December, 1976; (3) *res judicata* as to Friedler resulting from the dismissal of the action against him in February, 1977; (4) failure to state a

cause of action; (5) estoppel as to Rosoff due to the earlier dismissal; (6) estoppel as to Friedler due to the earlier dismissal; and (7) improper service of process on Rosoff, together with a counterclaim against the plaintiff and a third-party complaint against plaintiff's attorneys for an abuse of legal process. In deciding cross motions of the parties, Special Term dismissed defendants' first and seventh affirmative defenses (Statute of Limitations and improper service of process), denied the motion to dismiss the second through fifth affirmative defenses (*res judicata,* estoppel, and failure to state a cause of action), dismissed the counterclaim and third-party action (abuse of process), and denied defendants' cross motion to dismiss the complaint for failure to state a cause of action. Defendants Friedler and Rosoff appeal. A complaint being attacked for insufficiency is deemed to allege whatever can be implied from its statements by a fair and reasonable interpretation. The test is whether the pleadings give adequate notice to the court and the adverse party of the transactions or occurrences intended to be proved (CPLR 3013). The complaint alleges conduct which the plaintiff claims amounts to a conspiracy among the parties to hinder, delay and defraud the plaintiff from recovering money owed to it. It alleges conduct sufficient to show an unauthorized assumption and exercise of control over property rightfully belonging to the plaintiff. Generally a corporate officer or employee will not be held individually liable for conspiracy where he acted in the interests of the corporation, did not exceed his authority, and where he did not act with the purpose of benefiting himself rather than the corporation (8 NY Jur, Conspiracy, § 9, p 503). However, the allegations present in this complaint allege conduct which is clearly beyond the scope of defendants' authority as corporate officers. It contains all requisite allegations necessary for actions in conversion, fraud and breach of a fiduciary relationship. Insofar as it can be applied to allegations of a cause of action in conversion, the first affirmative defense should not have been dismissed. An action in conversion of personal property is governed by a three-year Statute of Limitations (CPLR 214). This is true whether the action arises out of a contractual relationship or due to tortious conduct on the part of the defendant (23 NY Jur 2d, Conversion and Action for Recovery of Chattel, § 61, p 279). Even though the plaintiff may have been unaware of the conversion, the cause of action accrues and the statutory period begins to run when the conversion occurs (*Varga v Credit-Suisse,* 5 AD2d 289, affd 5 NY2d 865). Similarly, the Statute of Limitations defense should not have been dismissed as to that portion of the complaint which alleges a breach of fiduciary duty. Special Term stated that " '[g]enerally the obligation of a trustee to account is not affected by the Statute of Limitations until a denial or repudiation of the trust' ". While Special Term properly stated the general rule relating to an action against a trustee of an express trust, that rule is not applicable to the facts herein. An express trust is created by the direct and positive acts of the parties which indicate an intention to create such a trust. Here, the trust is imposed by equity due to the failure of the trustee to use the property for the purpose for which it was intended. In such a constructive trust the cause of action against the trustee accrues at the time of the wrongful conduct (*Sachs v Cluett, Peabody & Co.,* 265 App Div 497, affd 291 NY 772; see, also, *Scheuer v Scheuer,* 308 NY 447; *Motyl v Motyl,* 35 AD2d 1051). The Statute of Limitations for the purpose of imposing a constructive trust is six years and the action accrues when the party seeking to impose the trust knows or should have known of the wrongful withholding (*Walsh v Walsh,* 91 AD2d 1198). On the other hand, the time within which an action based on fraud must be commenced is governed from the time that plaintiff discovered the fraud (see *509 Sixth Ave. Corp. v New York City Tr. Auth.,* 15 NY2d 48). Inasmuch as

plaintiff alleges that it first discovered the fraud in June, 1980, the cause of action in fraud is within the applicable six-year Statute of Limitations (CPLR 213). The Statute of Limitations defense was properly dismissed as to the cause of action in fraud. Appellants' contention that the earlier dismissals of actions against them preclude liability due to the doctrine of *res judicata* is without merit. The earlier dismissals were due to the failure of the complaint to allege sufficient active participation or close association with the corporate defendant so as to allow individual liability for the alleged conversion. Such a dismissal (CPLR 5013) is *res judicata* only "as to the point it decided" (*Spindell v Brooklyn Jewish Hosp.*, 35 AD2d 962, 963, affd 29 NY2d 888). The present complaint is not a mere restatement (see *Flynn v Sinclair Oil Corp.*, 20 AD2d 636, affd 14 NY2d 853) or minor semantic change of the prior complaints. It alleges a new cause of action based upon the fraudulent statements allegedly made to obtain the dismissals of the earlier actions against defendants. Such a new cause of action is not barred due to *res judicata* (*VanMinos v Merkley,* 48 AD2d 281). (Appeal from order of Supreme Court, Onondaga County, O'Donnell, J. — dismiss affirmative defenses.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Schnepp, JJ.