[644 NYS2d 533]

In the Matter of MICHAEL ENTES, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, June 17, 1996

### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Diana J. Szochet* and *Robert J. Saltzman* of counsel), for petitioner.

*Jerome Karp,* Brooklyn *(Mitchell K. Friedman* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was served with a petition

containing 12 charges of professional misconduct against him. The Special Referee sustained Charges One, Two, Three, Five, Six, Eight, Nine, Ten, and Eleven. The Special Referee did not pass upon Charges Four, Seven, and Twelve, which are predicated on conduct adversely reflecting on the respondent's fitness to practice law. The Grievance Committee now moves to confirm the Special Referee's report, which it describes as sustaining the 12 charges. The respondent cross-moves to disaffirm the report and to impose such discipline upon him as the Court deems just and proper.

The 12 charges are predicated on a common set of factual allegations.

In July 1986 Martin Lieberman and Ronald Lense entered into a contract to purchase real property from the respondent's client, El Bruto Corporation. The contract provided for a $10,000 down payment on signing, which would be returned if El Bruto was unable to deliver good title. Pursuant to the contract, Messrs. Lieberman and Lense each delivered a $5,000 check payable to the respondent as attorney. Those monies were deposited into a Citibank account entitled "Michael Entes". The respondent exercised control over and was a signatory of that account, in which other funds entrusted to him as fiduciary were deposited.

The respondent failed to properly maintain on deposit the funds entrusted to him by Messrs. Lieberman and Lense. The respondent failed to return the down payment to them despite their demand, based on El Bruto's inability to deliver good title.

Charge One alleges that the respondent converted client funds entrusted to him in violation of Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46).

Charge Two alleges that the respondent failed to properly safeguard client funds entrusted to him in violation of Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46) and 22 NYCRR former 691.12 (b).

Charge Four alleges that the respondent has been guilty of conduct reflecting adversely on his fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (A) (7) (now [8]) (22 NYCRR 1200.3 [a] [8]).

By letter dated February 22, 1991, the Grievance Committee requested that the respondent produce certain financial records which he was required to maintain with respect to the subject account, including, but not limited to, bank statements,

cancelled checks, deposit slips, and a ledger book. The respondent failed to maintain and produce these records.

Charge Five alleges that the respondent failed to maintain records required to be maintained by an attorney in violation of Code of Professional Responsibility DR 9-102 (C) (3) and (D) (22 NYCRR 1200.46 [c] [3]; [d]).

Charge Six alleges that the respondent failed to produce records required to be produced by an attorney, in violation of Code of Professional Responsibility DR 9-102 (H) and (I) (22 NYCRR 1200.46 [h], [i]).

Charge Seven alleges that the respondent has been guilty of conduct reflecting adversely on his fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (A) (7) (now [8]) (22 NYCRR 1200.3 [a] [8]).

In or about 1982, the respondent commenced an action on behalf of George Osuna doing business as Century 21 River Plate Realty, against Nicola D'Aquino, Lucia D'Aquino, and George Korval, to collect a real estate brokerage commission due Mr. Osuna on the sale of 311 7th Street in Brooklyn. Commissions due and owing to Mr. Osuna were held in escrow by Edward Slavin, a friend of the respondent and attorney for the D'Aquinos and Mr. Korval in the underlying transaction and the ensuing litigation. The respondent failed to name Mr. Slavin, the stakeholder in this matter, as a party to the action. The action was marked off the calendar in or about May 1983.

Following the death of George Osuna in or about July 1986 the respondent failed to take any action to substitute Mr. Osuna's wife, Lilliana, or any other party in interest.

The respondent retained Edward Slavin to represent him in a hearing before the New York Department of State in or about August 1986. The respondent failed to disclose to Lilliana Osuna that Edward Slavin, the stakeholder and defense counsel in the pending litigation, was serving as the respondent's attorney in another action.

Between approximately May 1983 and January 1989, the respondent failed to take any action to prosecute the Osuna claim. The respondent executed a consent to change attorneys at the request of Lilliana Osuna on or about July 19, 1990.

Charge Eight alleges that the respondent neglected a legal matter entrusted to him in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]).

Charge Nine alleges that the respondent engaged in an impermissible conflict of interest in violation of Code of Professional Responsibility DR 5-101 (A) (22 NYCRR 1200.20 [a]).

Charge Ten alleges that the respondent compromised his loyalty to a client in violation of Canon Five of the Code of Professional Responsibility.

Charge Eleven alleges that the respondent created an appearance of impropriety in violation of Canon Nine of the Code of Professional Responsibility.

Charge Twelve alleges that the respondent has been guilty of conduct reflecting adversely on his fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (A) (7) (now [8]) (22 NYCRR 1200.3 [a] [8]).

Based on the evidence adduced, including the inconsistencies in the respondent's testimony and the finding of the Special Referee that the respondent was lacking in candor, the Grievance Committee's motion to confirm the Special Referee's report is granted to the extent that Charges One, Two, Four, Five, Six, Seven, Eight, Nine, Ten, Eleven, and Twelve are sustained. The cross motion is granted solely to the extent that Charge Three is not sustained, and is otherwise denied.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider the absence of an express agreement among all parties to create an escrow, that the lack of progress in the Osuna matter was not his responsibility, and that various records of his were destroyed by a flood.

Notwithstanding the respondent's contradictory testimony, the record amply establishes that the funds received from Messrs. Lieberman and Lense were intended to be safeguarded by the respondent. Significantly, the respondent is already under a five-year suspension emanating from his misrepresentations in connection with the sale of real property owned by an estate which he was retained to handle and his conflict of interest with respect to the sale.

By virtue of his failure to safeguard funds entrusted to him, his conflict of interest, his neglect, and his failure to maintain and produce required records, the respondent is disbarred.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and O'BRIEN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted to the extent that Charges One, Two, Four, Five, Six, Seven, Eight, Nine, Ten, Eleven, and Twelve are sustained, and the motion is otherwise denied; and it is further,

Ordered that the respondent's cross motion is granted solely to the extent that Charge Three is not sustained, and the cross motion is otherwise denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Michael Entes, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Michael Entes is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.