■ L. MAGARIAN & Co., INC., Doing Business as BROADWAY'S, Respondent, v TIMBERLAND COMPANY, Appellant. [665 NYS2d 413] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered October 12, 1996, which denied defendant's motion to dismiss the complaint and directed defendant to serve an answer, unanimously reversed, on the law, without costs, and the motion to dismiss the complaint granted. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

Despite the strong presumptions favoring the complaint on a CPLR 3211 (a) (7) motion, such as that the court must accept each factual allegation as true and make no effort to evaluate the ultimate merits of the case (*219 Broadway Corp. v Alexander's, Inc.*, 46 NY2d 506, 509); that the complaint should be liberally construed in favor of the non-moving party (*Metropolitan Transp. Auth. v Triumph Adv. Prods.*, 116 AD2d 526, 527); that a claim should not be dismissed "when a cause of action may be discerned no matter how poorly stated" (*Gorman v Gorman*, 88 AD2d 677, 678; *see also, Foley v D'Agostino*, 21 AD2d 60, 65); that any fact that can be fairly implied from the pleadings will be deemed alleged (*Stern v Consumer Equities Assocs.*, 160 AD2d 993, 994; *see also, Two Clinton Sq. Corp. v Friedler*, 91 AD2d 1193, 1194); and that facts from affidavits may be considered as supplementary to the complaint to show the cause of action to be valid (*Ackerman v 305 E. 40th Owners Corp.*, 189 AD2d 665, 666; *Rovello v Orofino Realty Co.*, 40 NY2d 633, 635), the motion court erred in refusing to dismiss this complaint, which sounded in breach of a fiduciary relationship.

The record shows that plaintiff failed to support its assertion of such a relationship with any objective fact. The allegation also ran contrary to the tenor of the parties' retail agreement that gave each of them the unconditional right to terminate it at will (*see, Guard-Life Corp. v Parker Hardware Mfg. Corp.*, 50 NY2d 183, 194; *A. S. Rampell, Inc. v Hyster Co.*, 3 NY2d 369). There was no showing that defendant had undertaken to act "primarily for the benefit of another in matters connected

with [its] undertaking" (Restatement [Second] of Agency § 13, comment *a*). Furthermore, there was no showing of "special circumstances" that could have transformed the parties' business relationship to a fiduciary one (*see, Ponte & Sons v American Fibers Intl.*, 222 AD2d 271, 272), such as control by one party of the other for the good of the other (*see, Matter of Entes*, 222 AD2d 62, 63; *Matter of Gordon v Bialystoker Ctr. & Bikur Cholim*, 45 NY2d 692, 698; *Apple Records v Capitol Records*, 137 AD2d 50, 57) or creation of an agency relationship (*Northeast Gen. Corp. v Wellington Adv.*, 82 NY2d 158, 162). Instead, the record shows that the correspondence asserted by plaintiff as proof of a fiduciary relationship was nothing more than mass mailings to defendant's retail distributors nationwide, wherein defendant aggressively and exclusively pursued its own interests, even to the point of successfully pressuring plaintiff-distributor to act contrary to its own pecuniary interests. Concur—Sullivan, J. P., Milonas, Wallach, Williams and Tom, JJ.