**CABLEVISION OF CONNECTICUT, L.P., Plaintiff,**

v.

**Thomas SOLLITTO, Defendant.**

**No. 3:99 CV 2092(GLG).**

United States District Court, D. Connecticut.

Aug. 11, 2000.

Catherine Dugan O'Connor, Day, Berry & Howard, Stamford, CT, Daniel Millman, Jericho, NY, for plaintiff.

James Patrick Blanchfield, Diserio, Martin, O'Connor & Castiglioni, Stamford, CT, for defendant.

## MEMORANDUM DECISION

GOETTEL, District Judge.

Defendant moves for summary judgment. The motion (**Doc. No. 13**) is **GRANTED.**

The facts established on this motion (construing them most favorably to the plaintiff as the party opposing the motion where there is a basis for doing so) are as follows.

In 1989 the defendant purchased two descramblers from Pacific Cable Company and in 1990 purchased six descramblers. These decoder boxes (also known as descramblers) are intended for the illegal purpose of intercepting and descrambling the plaintiff's television programming services—a violation of 47 U.S.C. §§ 605 and 553 of the Communications Act.[1]

This action, however, was not commenced until October 26, 1999, nine or ten years thereafter. The plaintiff claims that the defendant violated the Communications Act by the purchase, sale and use of the decoders. Because of the lengthy interval between the acts which plaintiff can prove and the commencement of this action defendant moves for summary judgment based on the statute of limitations and a claim of latches.

 The parties agree that the applicable statute of limitations is Connecticut General Statute § 52–577 which is three years for conversion. Plaintiff argues, however, that the statute does not begin to run until it learned of the conversion. Defendant replies that Connecticut courts have held that the statute is an occurrence statute so that the time begins to run when the acts or omissions complained of occur. It is not necessary to resolve that issue since well more than three years elapsed between the plaintiff obtaining the documents establishing the claimed conversion and the institution of suit.

Plaintiff argues that its receipt of the pertinent records did not start the running of the statute of limitations but that it should be given an additional period of time for reviewing the documents and determining that it had a cause of action. Indeed, the plaintiff says it was not until 1998 that it found that it had a cause of action and that it then waited another year before commencing suit. It argues that it should have had at least until November 20, 1996 as the time by which it should have determined it had a cause of action. No controlling authority is stated for this proposition. It had reason to know that it had an injury constituting the basis of the action well more than three years before it commenced the action. It cannot extend the statute of limitations simply by saying that it needed more time to review the documents in its possession.

In opposing the motion for summary judgment plaintiff's papers make several representations which are not only wrong but which should not have been made by competent counsel. For example, the plaintiff claims that the motion should be denied because defendant failed to submit the required 9(c)(1) statement and because it relied solely on defendant's affidavit. The defendant not only submitted a 9(c)(1) statement but a response to it was filed by the plaintiff. (It appears that two attorneys in different states have been filing papers for the plaintiff which is possibly an explanation for the irregularities in the opposing papers.) Moreover, the defendant's motion rests not only on the defendant's affidavit but also upon requests to

---

1. Plaintiff makes the same claims pursuant to Connecticut statutes but the issues are the same under both.

admit which were not answered and are therefore deemed admitted and plaintiff's responses to interrogatories. In addition, as to one issue which we will discuss subsequently, the best and perhaps only witness who would have knowledge of the facts is the defendant himself.

 Plaintiff makes the argument that because of the number of devices bought it is reasonable to assume that he resold most of them. We are willing for purposes of opposition to a motion for summary judgment to make that inference. However, plaintiff then asks us to assume that the defendant must have been using one of the decoders in his home to illegally intercept plaintiff's services. (Unlike the purchase and sale of these decoders, the use of the decoder is a continuing violation.)[2] There is no basis for making such an assumption.

Plaintiff has simply not submitted any evidence to support its claim of personal use by the defendant. The defendant has submitted an affidavit which does not specifically deny the purchase and sale of the decoders, which occurred years ago and are barred by the statute of limitations. He does, however, specifically deny using any of the decoders which he bought from the Pacific Cable Company. He needs no other witnesses to support a matter as to which he has the best knowledge. In response to this, the plaintiff simply argues that such use should be inferred along with the inference that he resold most of them. That is insufficient. The plaintiff having failed to make a sufficient showing of an essential element on which it has the burden of proof, summary judgment is appropriate. *Segreto v. Kirschner*, Civ. No. 3:95 CV 447, 1998 WL 289145, 1998 U.S.Dist. LEXIS 8322, at *7 (D.Conn. March 11, 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

2. Plaintiff also argues that the descramblers which were sold are possibly still in use today by the purchasers since they have a useful lifetime of seven to ten years and that use

Under the circumstances, the statute of limitations is a bar to this suit. The Clerk will enter judgment for the defendant.

constitutes a continuing violation. It may be a continuing violation but it is a violation by the purchasers and not by the seller.