**CSC HOLDINGS, INC. Plaintiff,**

v.

**ELI KRAUT, Defendant.**

**No. CV 00–3528.**

United States District Court,
E.D. New York.

Sept. 24, 2001.

Law Offices of Norman S. Langer, By Norman S. Langer, Esq., Brooklyn, for Defendant.

Daniel J. Lefkowitz, Esq., P.C., By Daniel J. Lefkowitz, Esq., Jennifer L. Ploetz, Esq., Jericho.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

This is a case brought by Plaintiff, a cable television systems company, pursuant to 47 U.S.C. § 605 (the "Cable Act" or "Section 605") and New York State law. Plaintiff seeks statutory damages, punitive damages and attorneys fees in connection with Defendant's alleged use of an illegal decoding device that allowed Defendant to view certain of Plaintiff's programming without payment. The parties have cross-moved for summary judgment.

The issue central the pending cross-motions is the question of whether Plaintiff's claims are time-barred. The parties have agreed that the appropriate limitations period is three years. They differ, however, as to the issue of whether a discovery rule governs the accrual of Plaintiff's cause of action. For the reasons that follow, the court holds that a discovery rule applies but declines to grant Plaintiff's motion for summary judgment. The motion is denied on the ground that a question of fact exists as to whether or not Defendant's use of the device at issue could have been discovered more than three years prior to commencement of this action.

## DISCUSSION

### I. Background

This case was commenced in June of 2000. In its complaint, Plaintiff alleges, *inter alia*, that Defendant utilized decoding devices to intercept and obtain Plaintiff's cable television programming without payment. Defendant is alleged to have purchased decoding devices from a company located in the State of Illinois.

Documents submitted by the Plaintiff, and uncontroverted by Defendant, indicate that Defendant ordered and received the decoding devices on or about February 1993, September 1993, January 1994 and October 1995. At Defendant's deposition, taken in December of 2000, he testified to the purchase of a decoding device in 1991 and use of that device until 1994 or 1995, when it ceased to operate. Defendant further testified that two additional decoding devices were purchased in 1995, which devices remained in use until 1997. Defen-

dant testified that he subscribed to and paid for certain of Plaintiff's cable services between 1991 and the present. He further stated that his use of the decoding devices allowed him to receive certain cable programming for which he had not paid. Finally, Defendant testified that he had not used any decoding device to receive programming to which he had not subscribed, for at least the last three years prior to his deposition.

As noted, this lawsuit was filed in June of 2000. Plaintiff alleges that it could not have known of Defendant's 1991–1997 purchases or use of the decoding devices until June of 1999. This is because it was not until June of 1999 when Plaintiff came into possession of computerized records of the company from which Defendant purchased his decoding devices. Once Plaintiff came into possession of such records, it commenced actions against those who had purchased the devices, alleging that the devices had been used to illegally intercept cable television programming.

## II. *The Statute of Limitations*

■ The federal statute pursuant to which this matter was brought, Section 605, contains no statute of limitations governing the commencement of actions to recover damages for the illegal interception of cable television programming. Courts faced with deciding the proper limitations period refer to the standard set forth in *North Star Steel Co. v. Thomas,* 515 U.S. 29, 115 S.Ct. 1927, 132 L.Ed.2d 27 (1995). In *North Star,* the Supreme Court held that where a federal statute lacks a limitations period, courts must borrow an appropriate statute of limitations. In such situations, analogous state law has been identified as the "lender of first resort." *North Star,* 515 U.S. at 33–34, 115 S.Ct. 1927. A state statute of limitations will not be applied, however, if application of

the state statute would "frustrate or interfere with the implementation of national policies ... or be at odds with the purpose and operation of federal substantive law." *Id.* at 34–35, 115 S.Ct. 1927. In such cases, a federal analog will be considered.

■ The first step in identifying a possible statute of limitations is identification of the proper state analog. Next, the court must determine whether a conflict with federal policy is created by implementation of this limitations period. In the absence of a conflict, the state law will apply and it will be "simply beside the point" that an appropriate federal analog exists. *North Star,* 515 U.S. at 37, 115 S.Ct. 1927. Where, however, a conflict with federal policy is created by application of the state statute, the court considers the appropriate federal analog.

Courts considering the appropriate limitations period to apply to a civil case alleging theft of cable services have applied both state and federal statutes of limitation. Typically, the state analog chosen is the limitations period applicable to the state law tort of conversion. *E.g., Cablevision of Connecticut, L.P. v. Sollitto,* 109 F.Supp.2d 84, 85 (D.Conn.2000); *Joe Hand Promotions, Inc. v. Lott,* 971 F.Supp. 1058, 1063 (E.D.La.1997), *overruled by Prostar v. Massachi,* 239 F.3d 669, 675 (5th Cir. 2001) (holding that conversion is appropriate state analog but rejecting state law in favor of federal limitations period).

Several courts, however, have rejected the analogous state law limitations period in favor of a federal statute. Those courts choosing to borrow from federal law have chosen the Copyright Act and its three year period of limitations as the appropriate federal analog in cases brought pursuant to Section 605. *E.g., Prostar,* 239 F.3d at 675; *Kingvision Pay Per View, Ltd. v. Boom Town Saloon, Inc.,* 98 F.Supp.2d 958, 964 (N.D.Ill.2000).

III. *The Parties' Positions and Disposition of the Motion*

Here, the parties agree that the appropriate statute of limitations to be applied is three years. This is no doubt that this agreement stems from the parties' recognition of the fact that a three year statute applies to both the New York State law tort of conversion as well as the Federal Copyright Act. *See* CPLR 214(3) (statute of limitations for conversion); 17 U.S.C. § 507(b) (statute of limitations for Copyright Act).

While the parties agree as to application of a three year statute, they disagree as to the accrual of the three year period. Defendant argues that a state law cause of action for conversion accrues at the time of the conversion and that Plaintiff's claims are accordingly, time-barred. *See Vigilant Ins. Co. of America v. Housing Authority of the City of El Paso, Texas,* 87 N.Y.2d 36, 44, 637 N.Y.S.2d 342, 347, 660 N.E.2d 1121 (N.Y.1995) (cause of action for conversion accrues at the time of the conversion and not upon discovery or the exercise of diligence to discover conversion); *Two Clinton Square Corp. v. Friedler,* 91 A.D.2d 1193, 1194, 459 N.Y.S.2d 179, 181 (4th Dep't 1983) (same).

Plaintiff points out that a cause of action under the Copyright Act accrues only upon discovery of the illegal conduct and that its claims are therefore timely. *See Merchant v. Levy,* 92 F.3d 51, 56 (2d Cir.1996) (copyright cause of action accrues "when a plaintiff knows or has reason to know of the injury upon which the claim is premised"); *Weber v. Geffen Records, Inc.* 63 F.Supp.2d 458, 464 (S.D.N.Y.1999) (same).

■ The court holds that it matters not whether the three year period adopted by the parties stems from a state or federal period of limitations. This is because even if state law applies, it is federal law that governs the question of when the cause of action accrues. *Covington v. City of New York,* 171 F.3d 117, 121 (2d Cir.), *cert. denied,* 528 U.S. 946, 120 S.Ct. 363, 145 L.Ed.2d 284 (1999); *Cullen v. Margiotta,* 811 F.2d 698, 725 (2d Cir.1987). That law holds that accrual does not occur until the plaintiff "knows or has reason to know" of the injury forming the basis of his action. *Cullen,* 811 F.2d at 725; *V Cable, Inc. v. Guercio,* 148 F.Supp.2d 236, 239 (E.D.N.Y.2001); *Goldstein v. Time Warner New York City Cable Group,* 3 F.Supp.2d 423, 433 (S.D.N.Y.1998); *see Blankman v. County of Nassau,* 819 F.Supp. 198, 207 (E.D.N.Y.); *aff'd,* 14 F.3d 592 (2d Cir.1993).

■ In view of the fact that a discovery rule applies to the accrual issue, this action, commenced in 1999, may well be timely. Specifically, if Plaintiff shows that the earliest date upon which it could have (with the exercise of reasonable diligence) discovered Defendant's unlawful activities, was no more than three years prior to the commencement of this action, then this action is timely. If, on the other hand, it is demonstrated that Plaintiff could have discovered Defendant's activities prior to three years before the commencement of this action, the action is time-barred.

The materials before the court are insufficient to determine the question of Plaintiff's diligence in discovering Defendant's activities. Accordingly, the cross-motions for summary judgment must be denied. At the trial of this action the parties will have the opportunity to submit evidence on the discovery issue discussed herein and it will thereafter be determined whether or not this action was timely commenced.

## CONCLUSION

For the reasons set forth above, the parties' cross-motions for summary judg-

ment are hereby denied. The Clerk of the Court is directed to terminate the motions.

SO ORDERED.