■ LEWIS SAUL, Appellant, v ERIC CAHAN, Respondent, et al., Defendant. [61 NYS3d 265]—

Appeal from an order of the Supreme Court, Kings County

(Carolyn E. Demarest, J.), dated November 7, 2014. The order, insofar as appealed from, granted those branches of the motion of the defendant Eric Cahan which were to dismiss the causes of action alleging breach of fiduciary duty, breach of contract, and fraud insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 2013, the plaintiff allegedly entered into an oral agreement with the defendant Eric Cahan, pursuant to which Cahan agreed to act as the plaintiff's art advisor regarding the acquisition of contemporary artworks in exchange for a consulting fee in the amount of 10% of the cost of the artworks purchased. Additionally, the alleged oral agreement required Cahan to give the plaintiff the right of first opportunity to purchase all artworks offered to Cahan by art galleries or dealers before Cahan could purchase them for himself or offer them to a third party.

After terminating the alleged agreement, the plaintiff commenced this action, alleging, inter alia, that Cahan fraudulently induced him to enter into the alleged oral agreement, and that Cahan breached his contractual and fiduciary duties. The plaintiff asserted causes of action alleging breach of fiduciary duty, breach of contract, and fraud, among others. Cahan moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint insofar as asserted against him. The Supreme Court granted Cahan's motion. The plaintiff appeals from so much of the order as granted dismissal of the causes of action alleging breach of fiduciary duty, breach of contract, and fraud insofar as asserted against Cahan.

In considering a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court must " 'accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory' " (*Nonnon v City of New York*, 9 NY3d 825, 827 [2007], quoting *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]).

The Supreme Court properly granted that branch of Cahan's motion which was to dismiss the cause of action to recover damages for breach of fiduciary duty for failure to state a cause of action. "The elements of a cause of action to recover damages for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct" (*Rut v Young Adult Inst., Inc.*, 74 AD3d 776, 777 [2010]; *see Litvinoff v Wright*, 150 AD3d 714 [2017]; *Stortini v Pollis*, 138 AD3d 977,

978-979 [2016]; *Deblinger v Sani-Pine Prods. Co., Inc.*, 107 AD3d 659, 660 [2013]). "A cause of action sounding in breach of fiduciary duty must be pleaded with particularity under CPLR 3016 (b)" (*Swartz v Swartz*, 145 AD3d 818, 823 [2016]; *see Deblinger v Sani-Pine Prods. Co., Inc.*, 107 AD3d at 660).

A fiduciary relationship arises when one is " 'under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation' " (*Oddo Asset Mgt. v Barclays Bank PLC*, 19 NY3d 584, 592-593 [2012], quoting *Roni LLC v Arfa*, 18 NY3d 846, 848 [2011]; *see DiTolla v Doral Dental IPA of N.Y., LLC*, 100 AD3d 586, 587 [2012]). It is "grounded in a higher level of trust than normally present in the marketplace between those involved in arm's length business transactions" (*EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]). "[A] conventional business relationship, without more, is insufficient to create a fiduciary relationship" (*AHA Sales, Inc. v Creative Bath Prods., Inc.*, 58 AD3d 6, 21 [2008]). Rather, a plaintiff must make a "showing of 'special circumstances' that could have transformed the parties' business relationship to a fiduciary one, such as control by one party of the other for the good of the other" (*L. Magarian & Co. v Timberland Co.*, 245 AD2d 69, 70 [1997] [citation omitted]; *see AHA Sales, Inc. v Creative Bath Prods., Inc.*, 58 AD3d at 21-22). " 'A fiduciary relationship may exist when one party reposes confidence in another and reasonably relies on the other's superior expertise or knowledge, but not in an arm's-length business transaction involving sophisticated business people' " (*Guarino v North Country Mtge. Banking Corp.*, 79 AD3d 805, 807 [2010], quoting *Barrett v Freifeld*, 64 AD3d 736, 739 [2009]).

Here, affording the complaint a liberal construction, accepting the facts alleged therein to be true, and granting the plaintiff the benefit of every possible favorable inference, the amended complaint failed to adequately plead the existence of a fiduciary relationship between the plaintiff and Cahan (*see Litvinoff v Wright*, 150 AD3d at 714; *Mueller v Michael Janssen Gallery Pte. Ltd.*, 225 F Supp 3d 201 [SD NY 2016]). The complaint fails to allege "special circumstances" that transformed the alleged business relationship of the plaintiff and Cahan into a fiduciary one, such as "control by one party of the other for the good of the other" (*L. Magarian & Co. v Timberland Co.*, 245 AD2d at 70). The plaintiff, an attorney and sophisticated business owner, was not under the control of Cahan. Indeed, he asserted in the amended complaint that he made purchases of art works independent of Cahan's advice and counseling.

Moreover, contrary to the plaintiff's contentions, the Supreme Court properly granted dismissal of the cause of action alleging breach of contract for failure to state a cause of action. "[A] party alleging a breach of contract must 'demonstrate the existence of a . . . contract reflecting the terms and conditions of their . . . purported agreement' " (*Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 181-182 [2011], quoting *American-European Art Assoc. v Trend Galleries*, 227 AD2d 170, 171 [1996]). "To create a binding contract, there must be a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms" (*Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp.*, 93 NY2d 584, 589 [1999]; *see 2004 McDonald Ave. Realty, LLC v 2004 McDonald Ave. Corp.*, 50 AD3d 1021, 1021-1022 [2008]; *Mainline Elec. Corp. v Pav-Lak Indus., Inc.*, 40 AD3d 939, 939 [2007]; *Miranco Contr., Inc. v Perel*, 29 AD3d 873, 873 [2006]). The amended complaint alleged that the oral agreement required Cahan to give the plaintiff the right of first opportunity to purchase all artworks offered to Cahan and that Cahan breached the oral agreement by, inter alia, depriving the plaintiff of the right of first opportunity. The amended complaint, however, did not sufficiently allege a meeting of the minds with respect to the material terms of the plaintiff's right of first opportunity to purchase artworks. Therefore, the amended complaint failed to state a cause of action alleging breach of contract.

Further, the Supreme Court properly granted dismissal of the cause of action alleging fraud. A cause of action alleging fraud requires the plaintiff to plead: (1) a material misrepresentation of a fact, (2) knowledge of its falsity, (3) an intent to induce reliance, (4) justifiable reliance, and (5) damages (*see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]; *Stein v Doukas*, 98 AD3d 1024, 1025 [2012]). CPLR 3016 (b) requires that the circumstances underlying a cause of action based on fraud be stated "in detail" including specific dates and items (CPLR 3016 [b]; *see IndyMac Bank, F.S.B. v Vincoli*, 105 AD3d 704, 707 [2013]; *Moore v Liberty Power Corp., LLC*, 72 AD3d 660, 661 [2010]). Here, as the cause of action alleging fraud contained only bare and conclusory allegations, without any supporting detail, it failed to satisfy the requirements of CPLR 3016 (b).

Accordingly, the Supreme Court properly granted those branches of Cahan's motion which were to dismiss the causes of action alleging breach of fiduciary duty, breach of contract, and fraud insofar as asserted against him. Rivera, J.P., Balkin,

Chambers and Cohen, JJ., concur. 