LLC v S&R Main Realty, LLC (2019 NY Slip Op 05171)





LLC v S&R Main Realty, LLC


2019 NY Slip Op 05171


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
RUTH C. BALKIN
JOSEPH J. MALTESE, JJ.


2017-08949
 (Index No. 69884/16)

[*1]Premium Cornerstone Properties, LLC, appellant,
v
S & R Main Realty, LLC, et al., respondents,


Allen H. Weiss, Floral Park, NY, for appellant.
Dorf & Nelson LLP, Rye, NY (Jonathan B. Nelson and Laura-Michelle Horgan of counsel), for respondents.



DECISION & ORDER
In an action for specific performance of a contract for the sale of real property and for declaratory relief, the plaintiff appeals from an order of the Supreme Court, Westchester County (Orazio R. Bellantoni, J.), dated June 29, 2017. The order granted the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint and to cancel the notice of pendency.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action, alleging that the defendants breached a real estate contract of sale by failing to close. The plaintiff sought a judgment declaring that an enforceable contract exists between the parties and that the defendants are obligated to perform on the alleged contract, together with an order of specific performance directing the defendants to convey the subject property to the plaintiff. The defendants moved pursuant to CPLR 3211(a)(7) to dismiss the complaint and to cancel the notice of pendency the plaintiff had filed against the property. The Supreme Court granted the motion. The plaintiff appeals.
On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88; see Nonnon v City of New York, 9 NY3d 825, 827). When evidentiary material is considered on such a motion, "the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, again dismissal should not eventuate" (Guggenheimer v Ginzburg, 43 NY2d 268, 275).
"To create a binding contract, there must be a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms" (Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp., 93 NY2d 584, 589; see Detringo v South Is. Family Med., LLC, 158 AD3d 609, 610; Total Telcom Group Corp. v Kendal on Hudson, 157 AD3d 746, 747).
Here, the defendants conclusively demonstrated, based on the plaintiff's allegations and the documentary evidence the defendants submitted in connection with the motion, that the plaintiff had no cause of action for specific performance or the declaratory relief it sought because no contract of sale existed between the parties. The defendants demonstrated that the parties entered into a contract for the sale of the subject property in April 2014, but the plaintiff cancelled that contract in June 2014. They further demonstrated that the parties entered into a subsequent contract on renegotiated terms in July 2014, but that contract terminated on March 31, 2016. Finally, the defendants established that communications between the plaintiff's managing member and the defendants' counsel in October 2016 did not create a binding contract, because there was no "manifestation of mutual assent sufficiently definite to assure that the parties [were] truly in agreement with respect to all material terms" (Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp., 93 NY2d at 589; see Detringo v South Is. Family Med., LLC, 158 AD3d at 610; Total Telcom Group Corp. v Kendal on Hudson, 157 AD3d at 747; Saul v Cahan, 153 AD3d 947, 950). Accordingly, we agree with the Supreme Court's determination granting the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint and to cancel the notice of pendency.
The plaintiff's remaining contention is not properly before this Court.
MASTRO, J.P., RIVERA, BALKIN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court