SKYX Group Inc. v Foundation for a Smoke-Free World (2026 NY Slip Op 01330)

SKYX Group Inc. v Foundation for a Smoke-Free World

2026 NY Slip Op 01330

Decided on March 10, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 10, 2026

Before: Webber, J.P., Scarpulla, González, Rodriguez, Higgitt, JJ. 

Index No. 656417/23|Appeal No. 6059-6059A|Case No. 2025-00656|

[*1]SKYX Group Inc., et al., Plaintiffs-Appellants,
vFoundation for a Smoke-Free World, et al., Defendants-Respondents.

McCallion & Associates LLP, New York (Darragh O'Boyle of counsel), for appellants.
Ballard Spahr LLP, New York (Bradley R. Gershel of counsel), for respondents.

Judgment, Supreme Court, New York County (Joel M. Cohen, J.), entered on or about April 4, 2025, in favor of defendants, dismissing the first amended complaint with prejudice, as against all defendants, and bringing up for review an order, same court and Justice, entered on or about December 24, 2024, which granted defendants' motion to dismiss the complaint and denied plaintiffs' cross-motion for leave to amend the complaint, unanimously affirmed, without costs. Appeal from aforementioned order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff SKYX Group is a biotechnology and medical device company that researches "sustainability solutions" related to the production of electronic nicotine delivery system (ENDS) products. Defendant Foundation for a Smoke-Free World (FSFW) is a non-profit corporation that is dedicated to ending smoking and funds the Tobacco Transformation Index (TTI). According to plaintiffs, defendants invited them to submit a research proposal "on the topic of sustainability and waste management of [ENDS] . . . so that plaintiffs could compete for an upcoming grant that defendants planned to issue." Plaintiffs submitted their proposal to defendants' officers via email in December 2022 (the December Proposal). Plaintiffs do not allege that the parties had any contractual confidentiality obligation concerning this proposal.
In March 2023, plaintiffs submitted a formal response (the March Proposal), to FSFW's February Request for Proposals (RFP). According to plaintiffs, the March Proposal was "a fine-tuned version of the December Proposal." Ultimately, in May 2023, defendants informed plaintiffs that their proposal was not selected. Instead, defendants awarded the February RFP grant to another company. Also in May 2023, TTI released a report that allegedly used "an almost exact match of presenting context, structure, methodology, data, and potential solutions" as plaintiffs had used in the December Proposal.
Plaintiffs allege that, on information and belief and according to an unnamed whistleblower, the February RFP was "a rigged competition," that the workstream had already been awarded to another party as early as March 2022, and that defendants intended only to induce plaintiffs to submit their confidential ideas so defendants could use them in the TTI Report. Plaintiffs commenced this action against defendants for unjust enrichment, fraud, misappropriation of trade secrets, and breach of fiduciary duty.
In a well-reasoned decision, Supreme Court properly dismissed the complaint with prejudice. Plaintiffs failed to state a cause of action for the misappropriation of trade secrets because the complaint fails to allege that plaintiffs took "sufficient precautionary measures to [ensure] that the information remained secret" (Edelman v Starwood Capital Group, LLC, 70 AD3d 246, 249 [1st Dept 2009], lv denied 14 NY3d 706 [2010]). Plaintiffs voluntarily emailed the December Proposal to defendants without obtaining contractual assurances of secrecy (see id.). In a proposed second amended complaint, plaintiffs allege that they "understood there to be a confidential relationship between the parties" and assumed defendants would maintain confidentiality as a matter of "business ethics," but they fail to allege any concrete, enforceable confidentiality obligation agreed to by defendants apart from vague references to the importance of confidentiality (see generally Schroeder v Pinterest Inc., 133 AD3d 12, 27 [1st Dept 2015]). Defendants later guaranteed the confidentiality of formal submissions to the February RFP, but those guarantees did not protect the already disclosed December Proposal.
The court also properly dismissed plaintiffs' fraud claim, which is premised largely on allegations made on information and belief and fails to identify any materially false representations on which plaintiffs relied (see Cimen v HQ Capital Real Estate L.P., 227 AD3d 587, 588 [1st Dept 2024]). The unjust enrichment claim was properly dismissed as duplicative of the fraud claim because they are based on the same facts (see Corsello v Verizon N.Y., Inc., 18 NY3d 777, 790 [2012]; Sire Spirits, LLC v Beam Suntory, Inc., 227 AD3d 630, 631-632 [1st Dept 2024]). The court properly dismissed the breach of fiduciary duty claim because plaintiffs fail to allege any "special circumstances that would have transformed the parties' business relationship into a fiduciary one" (L. Magarian & Co. v Timberland Co., 245 AD2d 69, 69-70 [1st Dept 1997] [internal quotation marks and citations omitted]).
The court providently exercised its discretion in denying plaintiffs' cross-motion for leave to amend the complaint because the "proposed amendment failed to correct the . . . defect[s]" in the amended complaint (Ascher v New York City Dept. of Educ., 234 AD3d 429, 430 [1st Dept 2025], lv denied 44 NY3d 906 [2025]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 10, 2026